UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OLLNOVA TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> ECOBEE, INC., <br><br> Defendant. | Case No. 2:22-cv-00072 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST ECOBEE INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Ollnova Technologies Limited ("Plaintiff" or "Ollnova") makes the following allegations against Defendant ecobee Inc. ("Defendant" or "ecobee"):

**INTRODUCTION**

1. This complaint arises from ecobee's unlawful infringement of the following United States patents owned by Plaintiff, which relate to smart home energy management: United States Patent Nos. 8,224,282 ("the '282 Patent"), 7,746,887 ("the '887 Patent"), 7,860,495 ("the '495 Patent"), and 8,264,371 ("the '371 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Ollnova Technologies Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Ollnova is the sole owner by assignment of

all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3. Defendant ecobee Inc. is a Canadian corporation with its principal place of business at 25 Dockside Drive, Suite 700, Toronto, ON, Canada, M5A 0B5.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over ecobee in this action because ecobee has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over ecobee would not offend traditional notions of fair play and substantial justice. Ecobee, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Ecobee is a foreign corporation subject to suit in any district. *See* 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Upon information and belief, ecobee has transacted business in this District and has committed acts of direct infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,224,282

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,224,282, entitled "Method and device to manage power of wireless multi-sensor devices." The '282 Patent was duly and legally issued by the United States Patent and Trademark Office on July 17, 2012. A true and correct copy of the '282 Patent is attached as Exhibit 1.

9. On information and belief, ecobee has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the ecobee SmartThermostat, ecobee SmartThermostat with Voice Control, ecobee Smart Si Thermostat, ecobee3 SmartThermostat, ecobee4 SmartThermostat, and ecobee3 Lite SmartThermostat ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '282 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

10. The Accused Products satisfy all claim limitations of one or more claims of the '282 Patent. A claim chart comparing exemplary independent claim 13 of the '282 Patent to representative Accused Products is attached as Exhibit 2.

11. Ecobee also knowingly and intentionally induces infringement of one or more claims of the '282 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, ecobee has knowledge of the '282 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '282 Patent, ecobee continues to actively

encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '282 Patent. For example, ecobee instructs its customers and end users on how to install and use the Accused Products in an infringing manner. *See, e.g.*, https://www.ecobee.com/en-us/installing-your-smart-thermostat-with-voice-control/ (instructions on how to install and set up SmartThermostat with Voice Control). Ecobee also promotes that the Accused Products (such as the SmartThermostat with Voice Control) contain a plurality of sensors and can be used to communicate with other ecobee products, such as the SmartSensor, in an infringing manner:

| Thermostat sensors | Temperature |
| --- | --- |
| | Humidity |
| | Occupancy |
| | Proximity |

\*   \*   \*

| Connectivity & security | Dual-band Wi-Fi: 802.11 b/g/n @ 2.4GHz, 802.11 a/n/ac @ 5GHz |
| --- | --- |
| | Bluetooth 5.0 |
| | WEP 64, WEP 128, WPA, and WPA2 encryption methods |
| | DHCP (dynamic) or static IP addressing |
| | 168-bit SSL encryption |
| | 915MHz radio |



*See* https://www.ecobee.com/en-us/smart-thermostats/smart-wifi-thermostat-with-voice-control/#Features-and-Specs; *see also* https://www.ecobee.com/en-us/accessories/smart-temperature-occupancy-sensor/.  Ecobee provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Ecobee also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '282 Patent, thereby specifically intending for and inducing its customers to infringe the '282 Patent through the customers' normal and customary use of the Accused Products.

12. Ecobee has also infringed, and continues to infringe, one or more claims of the '282 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '282 Patent, are especially made or adapted to infringe the '282 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least the filing and service of this complaint, ecobee has knowledge of the '282 Patent and the infringing nature of the Accused

Products. Ecobee has been, and currently is, contributorily infringing the '282 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, ecobee has injured Plaintiff and is liable for infringement of the '282 Patent pursuant to 35 U.S.C. § 271.

14. As a result of ecobee's infringement of the '282 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for ecobee's infringement, but in no event less than a reasonable royalty for the use made of the invention by ecobee, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,746,887

15. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,746,887, entitled "Dynamic value reporting for wireless automated systems." The '887 Patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 2010. A true and correct copy of the '887 Patent is attached as Exhibit 3.

17. On information and belief, ecobee has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the ecobee SmartThermostat, ecobee SmartThermostat with Voice Control, ecobee Smart Si Thermostat, ecobee3 SmartThermostat, ecobee4 SmartThermostat, and ecobee3 Lite SmartThermostat ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one

or more claims of the '887 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

18. The Accused Products satisfy all claim limitations of one or more claims of the '887 Patent. A claim chart comparing exemplary independent claim 1 of the '887 Patent to representative Accused Products is attached as Exhibit 4.

19. Ecobee also knowingly and intentionally induces infringement of one or more claims of the '887 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, ecobee has knowledge of the '887 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '887 Patent, ecobee continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 4) to use the Accused Products in ways that directly infringe the '887 Patent. For example, ecobee instructs its customers and end users on how to install and use the Accused Products in an infringing manner. *See, e.g.*, https://www.ecobee.com/en-us/installing-your-smart-thermostat-with-voice-control/ (instructions on how to install and set up SmartThermostat with Voice Control). Ecobee also encourages its customers and end users to utilize the ecobee scheduling and HVAC monitoring features in an infringing manner. *See, e.g.*, https://support.ecobee.com/s/articles/Viewing-your-thermostat-s-HomeIQ-reports (ecobee HomeIQ reports); https://support.ecobee.com/s/articles/How-do-I-program-my-schedule-on-my-ecobee-thermostat (HVAC scheduling). Ecobee provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Ecobee also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '887 Patent,

thereby specifically intending for and inducing its customers to infringe the '887 Patent through the customers' normal and customary use of the Accused Products.

20. Ecobee has also infringed, and continues to infringe, one or more claims of the '887 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '887 Patent, are especially made or adapted to infringe the '887 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, ecobee has knowledge of the '887 Patent and the infringing nature of the Accused Products. Ecobee has been, and currently is, contributorily infringing the '887 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

21. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, ecobee has injured Plaintiff and is liable for infringement of the '887 Patent pursuant to 35 U.S.C. § 271.

22. As a result of ecobee's infringement of the '887 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for ecobee's infringement, but in no event less than a reasonable royalty for the use made of the invention by ecobee, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,860,495

23. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,860,495, entitled

"Wireless building control architecture." The '495 Patent was duly and legally issued by the United States Patent and Trademark Office on December 28, 2010. A true and correct copy of the '495 Patent is attached as Exhibit 5.

25. On information and belief, ecobee has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the ecobee SmartThermostat with Voice Control, ecobee3 SmartThermostat, ecobee4 SmartThermostat, ecobee3 Lite SmartThermostat, and ecobee SmartSensor ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '495 Patent, including through ecobee's sale of infringing systems, own use, and/or testing of the Accused Products. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

26. The Accused Products satisfy all claim limitations of one or more claims of the '495 Patent. A claim chart comparing exemplary independent claim 1 of the '495 Patent to representative Accused Products is attached as Exhibit 6.

27. Ecobee also knowingly and intentionally induces infringement of one or more claims of the '495 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, ecobee has knowledge of the '495 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '495 Patent, ecobee continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 6) to use the Accused Products in ways that directly infringe the '495 Patent. For example, ecobee provides users with instructions on how to install the Accused Products (such as the SmartThermostat with Voice Control and SmartSensor) to operate using two wireless communications protocols (for example, WiFi (802.11 a/b/g/n

(2.4GHz/5GHz)) and 915MHz radio).  *See, e.g.*, https://www.ecobee.com/en-us/installing-your-smart-thermostat-with-voice-control/ (instructions on how to install and set up SmartThermostat with Voice Control); (instructions to set up and install SmartSensor).  Ecobee also encourages customers and end users to infringe the '495 Patent by explaining that certain of its products operate utilizing multiple wireless communications protocols (such as the SmartThermostat with Voice Control), but that other compatible products (such as the SmartSensor) are only capable of communicating utilizing certain wireless communications protocols and by selling the SmartThermostat with Voice Control with the SmartSensor:

SmartThermostat with Voice Control



\*     \*     \*

| Connectivity & security | Dual-band Wi-Fi: 802.11 b/g/n @ 2.4GHz, 802.11 a/n/ac @ 5GHz |
| --- | --- |
| | Bluetooth 5.0 |
| | WEP 64, WEP 128, WPA, and WPA2 encryption methods |
| | DHCP (dynamic) or static IP addressing |
| | 168-bit SSL encryption |
| | 915MHz radio |

\*     \*     \*



See https://www.ecobee.com/en-us/smart-thermostats/smart-wifi-thermostat-with-voice-control/.

SmartSensor

**Communication**

- SmartSensor uses 915MHz radio waves–not Wi-Fi–for secure, energy-efficient communication with your ecobee thermostat.

*See* https://support.ecobee.com/s/articles/SmartSensors-FAQs-Setup-Guide-and-Troubleshooting#:~:text=SmartSensor%20uses%20915MHz%20radio%20waves,communication%20with%20your%20ecobee%20thermostat.  Ecobee provides these instructions and materials

11

knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Ecobee also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '495 Patent, thereby specifically intending for and inducing its customers to infringe the '495 Patent through the customers' normal and customary use of the Accused Products.

28. Ecobee has also infringed, and continues to infringe, one or more claims of the '495 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '495 Patent, are especially made or adapted to infringe the '495 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, ecobee has knowledge of the '495 Patent and the infringing nature of the Accused Products. Ecobee has been, and currently is, contributorily infringing the '495 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

29. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, ecobee has injured Plaintiff and is liable for infringement of the '495 Patent pursuant to 35 U.S.C. § 271.

30. As a result of ecobee's infringement of the '495 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for ecobee's infringement, but in no event less than a reasonable royalty for the use made of the invention by Ecobee, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,264,371

31. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,264,371, entitled "Method and device for communicating change-of-value information in a building automation system." The '371 Patent was duly and legally issued by the United States Patent and Trademark Office on September 11, 2012. A true and correct copy of the '371 Patent is attached as Exhibit 7.

33. On information and belief, ecobee has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the ecobee SmartThermostat with Voice Control, ecobee3 SmartThermostat, ecobee4 SmartThermostat, and ecobee3 Lite SmartThermostat ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '371 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

34. The Accused Products satisfy all claim limitations of one or more claims of the '371 Patent. A claim chart comparing exemplary independent claim 13 of the '371 Patent to representative Accused Products is attached as Exhibit 8.

35. Ecobee also knowingly and intentionally induces infringement of one or more claims of the '371 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, ecobee has knowledge of the '371 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '371 Patent, ecobee continues to actively encourage and instruct its customers and end users (for example, through online instruction and

other online publications cited in Exhibit 8) to use the Accused Products in ways that directly infringe the '371 Patent. For example, ecobee instructs its customers and end users on how to install and use the Accused Products in an infringing manner. *See, e.g.*, https://www.ecobee.com/en-us/installing-your-smart-thermostat-with-voice-control/ (instructions on how to install and set up SmartThermostat with Voice Control). Ecobee also encourages its customers and end users to utilize the ecobee scheduling and HVAC monitoring features in an infringing manner. *See, e.g.*, https://support.ecobee.com/s/articles/Viewing-your-thermostat-s-HomeIQ-reports (ecobee HomeIQ reports); https://support.ecobee.com/s/articles/How-do-I-program-my-schedule-on-my-ecobee-thermostat (HVAC scheduling). Ecobee provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Ecobee also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '371 Patent, thereby specifically intending for and inducing its customers to infringe the '371 Patent through the customers' normal and customary use of the Accused Products.

36.     Ecobee has also infringed, and continues to infringe, one or more claims of the '371 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '371 Patent, are especially made or adapted to infringe the '371 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, ecobee has knowledge of the '371 Patent and the infringing nature of the Accused Products. Ecobee has been, and currently is, contributorily infringing the '371 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

37. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, ecobee has injured Plaintiff and is liable for infringement of the '371 Patent pursuant to 35 U.S.C. § 271.

38. As a result of ecobee's infringement of the '371 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for ecobee's infringement, but in no event less than a reasonable royalty for the use made of the invention by ecobee, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that ecobee has infringed, either literally and/or under the doctrine of equivalents, the '282, '887, '495, and '371 Patents;

b. A judgment and order requiring ecobee to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for ecobee's infringement of the '282, '887, '495, and '371 Patents;

c. A judgment and order requiring ecobee to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

d. A judgment and order requiring ecobee to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against ecobee; and

f. Any and all other relief as the Court may deem appropriate and just under the

circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 8, 2022                              Respectfully submitted,

/s/ Reza Mirzaie

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brett E. Cooper (NY SBN 4011011)
bcooper@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (TX SBN 24059910)
shasenour@raklaw.com
Drew B. Hollander (NY SBN 5378096)
dhollander@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Ollnova Technologies Limited***