IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| OLLNOVA TECHNOLOGIES LIMITED, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00072-JRG |
| ECOBEE TECHNOLOGIES ULC, d/b/a ECOBEE | § § § § | |
| *Defendant*. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant ecobee Technologies, ULC d/b/a ecobee's ("ecobee" or "Defendant") Motion to Transfer Venue to the Western District of Texas (the "Motion"). (Dkt. No. 12). In the Motion, Defendant requests that the Court transfer the above-captioned case from this District (the "EDTX") to the Western District of Texas (the "WDTX") pursuant to 28 U.S.C. § 1404(a). Having considered the Motion, the relevant briefing, and the applicable law, the Court finds that the Motion should be and hereby is **DENIED**.

## I.   BACKGROUND

Plaintiff Ollnova Technologies Limited ("Ollnova" or "Plaintiff") filed its complaint against ecobee on March 8, 2022, alleging that ecobee's creation, use, and sale of certain smart home energy management products—such as the ecobee SmartThermostat, ecobee SmartThermostat with Voice Control, ecobee Smart Si Thermostat, ecobee3 SmartThermostat, ecobee4 SmartThermostat, and ecobee3 Lite SmartThermostat (the "Accused Products")—infringe U.S. Patent Nos. 8,224,282 (the "'282 Patent"), 7,746,887 (the "'887 Patent"), 7,860,495 (the "'495 Patent"), and 8,264,371 ("the '371 Patent") (collectively, the

"Asserted Patents"). (No. 1 at ¶¶ 1, 9). Defendant filed the instant Motion one month later on April 11, 2022, requesting that the Court transfer this case to the WDTX. (Dkt. No. 12).

Plaintiff Ollnova is limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. (Dkt. No. 1 at ¶ 2). Defendant ecobee is a British Columbia Unlimited Liability Company with its principal place of business at 25 Dockside Drive, Suite 700, Toronto, ON, Canada, M5A 0B5. (*Id.* at ¶ 3; Dkt. No. 12 at 5).

**II.   LEGAL STANDARD**

In evaluating a motion to transfer pursuant to § 1404(a), the Court considers the Fifth Circuit's non-exhaustive list of private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The private interest factors include: (1) "the relative ease of access to sources of proof;" (2) "the availability of compulsory process to secure the attendance of witnesses;" (3) "the cost of attendance for willing witnesses;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. The public interest factors include: (1) "the administrative difficulties flowing from court congestion;" (2) "the local interest in having localized interests decided at home;" (3) "the familiarity of the forum with the law that will govern the case;" and (4) "the avoidance of unnecessary problems of conflict of laws." *Id*.

To support a claim for transfer under § 1404(a), a movant must demonstrate that the transferee venue is "clearly more convenient" than the current District. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). The elevated burden to show that the transferee forum is "clearly more convenient" reflects the respect owed to the Plaintiff's choice of forum. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).

## III.     DISCUSSION

As a preliminary matter, ecobee asserts—and "Ollnova does not dispute"—that this case could have originally been filed in the WDTX because ecobee is foreign defendant located in Canada, and "a foreign defendant may be sued in any judicial district under 28 U.S.C. § 1391(c)(3)." (Dkt. No. 12 at 7; Dkt. No. 20 at 2). Accordingly, the Court analyzes the private and public interest factors to determine whether ecobee has met its burden of showing that the WDTX is clearly more convenient than the EDTX in this case.

### A.     Defendant concedes that seven of the eight convenience factors are neutral.

In its Motion, ecobee notes that "neither party resides in this District (or in Texas generally)," that "no known third-party witnesses reside[] in this District or in Texas generally," that "any additional travel [required between the EDTX and WDTX] . . . would be insubstantial," that the difference in time to trial between the EDTX and WDTX is "negligible," that neither the EDTX nor the WDTX have a particularized local interest, and that both the EDTX and WDTX are "capable of applying patent law to infringement claims." (Dkt. No. 12 at 11–15). Accordingly, despite its elevated burden to show that venue is clearly more convenient in the WDTX, ecobee concedes that seven of the eight convenience factors are neutral. (*Id.*).

Plaintiff Ollnova agrees with Defendant ecobee that four of these seven factors—the "court congestion", "local interest", "familiarity with the law", and "avoidance of conflicts of law" factors—are neutral. (Dkt. No. 20 at 2). However, Ollnova argues that the "relative ease of access to sources of proof", "availability of compulsory process", and "cost of attendance for willing witnesses" weigh against transfer and are not neutral. (*Id.*). For each of these three factors, Ollnova argues that "ecobee fails to carry its burden" to present any facts or evidence showing that the WDTX is more convenient. (*Id.* at 2–3). Accordingly, Ollnova asserts that "the facts governing

3

venue are not clearly set forth, [thus] the Court cannot conclude that the proposed venue is 'clearly more convenient.'" (*Id.* at 3) (quoting *Hammers v. Mayae-Chang*, No. 2:19-cv-00181-JRG, 2019 WL 6728446, at *5 (E.D. Tex. Dec. 11, 2019)).

Given that the parties agree that the "court congestion", "local interest", "familiarity with the law", and "avoidance of conflicts of law" factors are neutral, the Court finds that these four factors are neutral. With respect to the "relative ease of access to sources of proof", "availability of compulsory process", and "cost of attendance for willing witnesses" factors, the Court likewise finds that these factors are also neutral. The parties have identified no sources of proof and no witnesses subject to compulsory process in either the EDTX or WDTX. Accordingly, with respect to these two factors, each district is equally convenient, and the factors are thus neutral. *See Hammers*, 2019 WL 6728446, at *10 (finding the sources of proof and compulsory process factors neutral where Defendant failed to identify specific sources of proof in the proposed transferee district and the reach of compulsory process was the same in both districts). Regarding the "convenience of willing witnesses" factor, the Court finds that this factor is neutral because witnesses travelling to Texas from outside the United States will have insubstantial differences in travel times between the WDTX and EDTX.

        **B.**        **The "other practical problems" factor standing alone does not warrant transfer under the facts of this case.**

After conceding that the "access to sources of proof", "availability of compulsory process", "cost of attendance for willing witnesses", "administrative difficulties from court congestion", "local interest", "familiarity of the forum with the law", and "avoidance of conflicts of law" factors are neutral, ecobee asserts that the "all other practical problems" factor singlehandedly weighs so heavily in favor of transfer that the Court should transfer this case to the WDTX. (Dkt. No. 12 at 8–11, 13–14). To support its argument, ecobee claims that judicial economy and efficiency alone

4

warrant "transfer[] from the [EDTX] to the [WDTX], where two recent related lawsuits involving some or all of the same Asserted Patents are currently pending." (*Id.* at 2).

First, ecobee notes that the law firm representing Ollnova, Russ August & Kabat ("RAK"), previously filed numerous lawsuits against ecobee in the WDTX on behalf of a completely different entity—EcoFactor, Inc. (*Id.* at 3–4). Defendant notes that EcoFactor, Inc. asserted infringement against some of the same Accused Products at issue in this case.[1] (*Id.*). Second, ecobee asserts that on the same day this case was filed, "Ollnova [simultaneously] filed a separate lawsuit against Google LLC in the [WDTX], in which it alleges that Google infringes the same four Asserted Patents, as well as one additional patent." (*Id.* at 5; Dkt. No. 12-4). Finally, ecobee notes that Ollnova filed suit against Emerson Electric Co., Verdant Environmental Technologies Inc., and Resideo Technologies, Inc. in the WDTX alleging infringement of the Asserted Patents over a month after this case was filed. (Dkt. No. 12 at 5; Dkt. No. 12-5). Given that all other factors are neutral, ecobee asserts that "judicial economy is of 'paramount consideration' and the multiple related suits in the WDTX weigh[] heavily in favor of transfer." (Dkt. No. 22 at 5) (quoting *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010)). For example, ecobee argues that allowing multiple cases to proceed in separate venues could result in inconsistent determinations on matters such as claim construction and invalidity and notes that RAK has previously indicated that the WDTX has familiarity with the Asserted Patents. (Dkt. No. 12 at 9–11) (quoting *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d. 591, 595 (N.D. Tex. 2003)).

---

[1] ecobee further informs the Court that it has "serious concerns about whether RAK has used ecobee's confidential information subject to protective orders that RAK became aware of from prior lawsuits when preparing and filing its claims in this lawsuit on behalf of Ollnova." (Dkt. No. 12 at 4). ecobee then notes that it has filed a motion for sanctions against RAK in the WDTX, and seemingly argues based on pure speculation that transfer is justified because Ollnova "chose to file lawsuits in different districts of Texas, *perhaps* in an attempt to avoid the impact of ecobee's motion for sanctions." (*Id.* at 3, 9) (emphasis added). The Court finds such speculative and derogatory arguments inappropriate for the analysis of a motion to transfer for convenience. Should litigants believe they are entitled to relief based on a violation of Rule 11 or a protective order, such relief should be sought through a proper motion and not asserted as rank speculation in a motion seeking transfer under Section 1404(a).

In response, Ollnova argues that ecobee admits that none of the seven other factors favor transfer and transfer should not solely turn on judicial economy under the facts of this case. (Dkt. No. 20 at 3). Ollnova asserts that ecobee has wholly failed to meet its burden to identify substantial witnesses or evidence in the proposed transferee venue. (Dkt. No. 26 at 3). Further, Ollnova argues that it is inappropriate to base transfer solely on considerations of judicial economy which arise "after the filing of the lawsuit or transfer motion." (*Id.*) (quoting *In re NetScout Sys., Inc.* No. 2021-173 2021 WL 4771756, at *5 (Fed. Cir. Oct. 13, 2021)).

The Court finds Ollnova's arguments persuasive. Notably, "considerations of judicial economy arising after the filing of the lawsuit or the transfer motion [are] irrelevant to the analysis." *In re NetScout*, 2021 WL 4771756, at *4 (citing *In re HP Inc.*, 826 F. App'x 899, 903 n.2 (Fed. Cir. 2020); *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013)). The only case involving Ollnova and the Asserted Patents in the WDTX at the time this case was filed is the Google case. The Emerson et al case and Resideo case were filed after the instant case—and thus should not affect this Court's weighing of the factors. (*See* Dkt. No. 26 at 3 (noting that the suits against Emerson, Verdant, and Resideo post-date the filing of this case)). Further, the only cases that pre-date this lawsuit in the WDTX involve the unrelated plaintiff EcoFactor, ecobee, and other unrelated defendants. (*See* Dkt. No. 20 at 5). Such being the case, they therefore likely "involve significantly different discovery and evidence" and do not alone indicate that the transferee forum is clearly more convenient with regard to this litigation between Ollnova and ecobee. *See In re NetScout*, 2021 WL 4771756, at *5. The Court finds that just as "the mere co-pendency of infringement suits in a particular district [does not] automatically tip[] the balance in the non-movant's favor" so too does the mere co-pendency of infringement suits against separate, unrelated defendants asserted after the filing of the instant case automatically tip the balance in the

movant's favor. *See In re Apple Inc.*, No. 2022-128, Dkt. No. 18, at 9 (Fed. Cir. Apr. 22, 2022).[2] Accordingly, and in light of the above, the Court finds that this factor is essentially neutral and does not favor transfer to such a degree to alone satisfy ecobee's burden. After balancing all eight factors, the Court finds that the Motion should be denied. The Court further notes that Defendant's argument—that transfer is warranted because related lawsuits are pending in the WDTX and Ollnova has *failed to identify any evidence weighing against transfer*—turns the transfer analysis on its head. (*See* Dkt. No. 22 at 2). The Fifth Circuit has made it clear that the movant bears the burden to show that transfer is "clearly more convenient" to prevail on a motion to transfer under Section 1404(a). *Volkswagen II*, 545 F.3d at 315. Absent such a showing by the defendant, a plaintiff's choice of venue must be respected. (*Id.*). This deference to a plaintiff's choice of venue remains even in the absence of evidence weighing against transfer.

## IV.   CONCLUSION

The Court finds that (1) the relative ease of access to sources of proof, (2) the availability of compulsory process, (3) the cost of witness attendance, (4) court congestion, (5) local interest, (6) the familiarity with governing law, and (7) the avoidance of conflicts of law factors are all neutral. The Court further finds that (8) the other practical problems factor slightly favors transfer, at best. The Court therefore finds that ecobee has not met its burden to show that transfer is clearly more convenient and that the Motion should be and hereby is **DENIED**.[3]

---

[2] If such were the case, foreign litigants asserting infringement against foreign infringers would be discouraged from asserting their claims against domestic infringers in subsequent suits lest they find themselves forcefully transferred to the venue of the second filed suit.

[3] The clearly more convenient standard is akin to the burden of clear and convincing evidence and must be materially more than a simple preponderance. This fact seems lost on ecobee.

**So ORDERED and SIGNED this 17th day of May, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE