**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

OLLNOVA TECHNOLOGIES LTD.,

                    Plaintiff,

          v.

ECOBEE TECHNOLOGIES ULC d/b/a
ECOBEE,

                    Defendant.

Case No. 2:22-cv-00072-JRG

**JURY TRIAL DEMANDED**

███████████████

<u>**JOINT PRETRIAL ORDER**</u>

This cause came before the court at a pretrial management conference held on August 9, 2023, pursuant to the Fourth Amended Docket Control Order (Dkt. 119) and Rule 16 of the Federal Rules of Civil Procedure.[1]

## A.    COUNSEL FOR THE PARTIES

### 1.    Plaintiff Ollnova Technologies Ltd. ("Plaintiff" or "Ollnova")

| | |
|---|---|
| Brett E. Cooper (NY SBN 4011011) – Lead Counsel<br>bcooper@bc-lawgroup.com<br>Seth Hasenour (TX SBN 24059910)<br>shasenour@bc-lawgroup.com<br>Jonathan Yim (TX SBN 24066317)<br>jyim@bc-lawgroup.com<br>Drew B. Hollander (NY SBN 5378096)<br>dhollander@bc-lawgroup.com<br>BC LAW GROUP, P.C.<br>200 Madison Avenue, 24th Floor<br>New York, NY 10016<br>Tel.: (212) 951-0100<br>Fax: (646) 293-2201 | Andrea Leigh Fair<br>Andrea@wsfirm.com<br>WARD, SMITH & HILL, PLLC<br>1507 Bill Owens Parkway<br>Longview, TX 75604<br>Tel: (903) 757-6400<br>Fax: 903-757-2323 |

---

[1]    Disputed positions proposed by Ollnova that are not agreed to by ecobee are bracketed and highlighted in green. Disputed positions proposed by ecobee that are not agreed to by Ollnova are bracketed and highlighted in yellow.

2.    **Defendant ecobee Technologies, ULC d/b/a ecobee ("ecobee" or Defendant")**

| | |
|---|---|
| Timothy J. Carroll<br>TJCarroll@Venable.com<br>Steven M Lubezny<br>SMLubezny@Venable.com<br>VENABLE LLP<br>227 W Monroe St, Suite 3950<br>Chicago, IL 60606<br>Tel.: (312) 820-3400<br>Fax: (312) 820-3401<br><br>Manny J. Caixeiro<br>MJCaixeiro@Venable.com<br>VENABLE, LLP<br>2049 Century Park East, Suite 2300<br>Los Angeles, CA 90067<br>Tel.: (310) 229-9900<br>Fax: (310) 229-9901<br><br>Jason M. Dorsky<br>JMDorsky@Venable.com<br>Megan S. Woodworth<br>MSWoodworth@Venable.com<br>VENABLE LLP<br>600 Massachusetts Avenue, NW<br>Washington, DC 20001<br>Tel.: (202) 344-4000<br>Fax: (202) 344-8300 | Daniel A. Apgar<br>DApgar@Venable.com<br>VENABLE LLP<br>151 West 42nd Street, 49th Floor<br>New York, NY 10036<br>Tel.: (212) 218-2209<br>Fax: 212-218-2200<br><br>Jennifer Parker Ainsworth (TX BN 00784720)<br>jainsworth@wilsonlawfirm.com<br>Matthew T Milam<br>Mmilam@wilsonlawfirm.com<br>WILSON, ROBERTSON & VANDEVENTER, P.C.<br>909 ESE Loop 323, Suite 400<br>Tyler, Texas 75701<br>Tel.: (903) 509-5000<br>Fax: (903) 509-5092 |

## B.    STATEMENT OF JURISDICTION

This action arises under the patent laws of the United States, 35 U.S.C. § 271. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction and venue are not disputed in this action.

## C.    NATURE OF ACTION

This is a patent infringement case arising under the patent laws of the United States. Plaintiff alleges that ecobee has infringed certain claims of U.S. Patent Nos. 7,746,887 ("the '887 Patent"), 7,860,495 ("the '495 Patent"), 8,224,282 ("the '282 Patent"), and 8,264,371 ("the '371 Patent"). These are referred to collectively as "the Patents-in-Suit." Plaintiff seeks money

damages (pre-verdict and post-verdict) from ecobee for allegedly infringing (directly and indirectly, by way of inducement and contributory infringement) the Patents-in-Suit, by making, using, importing, selling, and/or offering to sell in the United States certain ecobee thermostats and remote sensors.  Plaintiff seeks a judgment and order against ecobee for damages (past, present, and future).  Plaintiff seeks pre- and post-judgment interest, expenses and costs, and attorneys' fees as provided by 35 U.S.C. § 285.  Plaintiff also seeks a judgment requiring ecobee pay Plaintiff a compulsory ongoing royalty and compensation for infringing products sold after the entry of judgment and for infringing products released after the filing of this case that are not colorably different from the Accused Products.

ecobee denies that it has infringed, or currently infringes, any of the Patents-in-Suit, directly or indirectly.  ecobee contends that the asserted claims of the Patents-in-Suit are invalid and that the asserted claims of the '495 Patent cover ineligible subject matter.[2]  ecobee also asserts a number of affirmative defenses, including equitable defenses and that damages are limited by 35 U.S.C. § 287.  ecobee also asserts that the '887 Patent and '282 Patent are unenforceable due to inequitable conduct.  ecobee denies that Plaintiff is entitled to money damages or a compulsory ongoing royalty, and ecobee denies that Ollnova is entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285.[3]  ecobee seeks a declaration that each of the

---

[2]      In its Order denying ecobee's motion to dismiss, the Court concluded that the claims of U.S. Patent Nos. 8,224,282, 7,746,887 and 8,264,371 are "not directed to an abstract idea" at *Alice* Step One. Dkt. 63 at 4-13, 18-21. This Court has previously observed that "*Alice* Step 1 is clearly a question of law for the Court." *Infernal Tech., LLC v. Sony Interactive Entm't LLC*, No. 2:19-cv-00248-JRG, 2021 WL 405813, at*4 (E.D. Tex. Feb. 3, 2021).  The Court's finding thus constitutes a final "judgment of eligibility" as a matter of law, which is preserved for appeal. *Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1321 (Fed. Cir. 2020). For the sake of clarity, ecobee also maintains that the '282, '887 and '371 Patents claim ineligible subject matter under § 101.

[3]      To the extent any asserted claim of any Patent-in-Suit is found to be infringed, enforceable, and not invalid, ecobee disputes Ollnova's assertions of what constitutes a reasonable royalty,

Patents-in-Suit are non-infringed and invalid and that the '887 Patent and '282 Patent are unenforceable due to inequitable conduct, as well as expenses and costs, attorneys' fees as provided by 35 U.S.C. § 285, a judgment limiting or barring Ollnova's ability to enforce the Patents-in-Suit in equity, and any other relief the Court deems appropriate.

### 1.    Agreed Upon Issues to Be Tried to the Jury

The issues to be tried to the jury include, subject to pending motions for summary judgment:

- Plaintiff's claim that ecobee infringes the Patents-in-Suit;

- ecobee's defenses of non-infringement, invalidity, and *Alice* Step 2 for the '495 Patent, and

- Plaintiff's claim for patent damages.

### 2.    Parties' Proposals Regarding Issues to Be Tried to the Jury or Bench

Plaintiff proposes that any claim for an ongoing royalty will be addressed in post-trial motions.  Defendant objects to this proposal, including because the issue of an ongoing royalty is an issue for the jury to determine, as reflected in the proposed verdict form.

Consistent with this Court's practice, the Parties further propose that Defendant's equitable defenses—including any testimony relating exclusively to such equitable defenses—be addressed in post-trial proceedings.  Consistent with this agreed proposal, the Parties agree that any exhibit to be used solely for equitable defenses addressed in post-trial proceedings need not be included nor counted as an exhibit in a Party's trial exhibit list, and instead may be listed separately for use only in such post-trial proceeding.

---

whether it is appropriately measured as a per unit royalty or lump sum, the underlying methodology used by Ollnova, and whether Ollnova is entitled to a running or future royalty.

**D.      CONTENTIONS OF THE PARTIES[4]**

**1.      Contentions of Plaintiff:**

(1)      Plaintiff contends that ecobee infringes, directly and indirectly, Claims 1, 11, 12, 20, and 21 of the '887 patent by making, using, selling, offering for sale, exporting from, and/or importing into the United States the ecobee SmartThermostat with Voice Control, ecobee Smart Si Thermostat, ecobee3, ecobee4, ecobee Thermostat Premium, ecobee Thermostat Enhanced, and ecobee3 Lite under 35 U.S.C. § 271(a), (b), and (c).

(2)      Plaintiff contends that ecobee infringes, directly and indirectly, Claims 1 and 2 of the '495 patent by making, using, selling, offering for sale, exporting from, and/or importing into the United States the ecobee SmartThermostat with Voice Control, ecobee3, ecobee4, ecobee3 Lite, ecobee Thermostat Premium, ecobee Thermostat Enhanced, and ecobee SmartSensor under 35 U.S.C. § 271(a), (b), and (c).

(3)      Plaintiff contends that ecobee infringes, directly and indirectly, Claims 1, 3, 6, and 21 of the '282 patent by making, using, selling, offering for sale, exporting from, and/or importing into the United States the ecobee SmartThermostat with Voice Control, ecobee3, ecobee4, ecobee Thermostat Premium, ecobee Thermostat Enhanced, and ecobee3 Lite under 35 U.S.C. § 271(a), (b), and (c).

(4)      Plaintiff contends that ecobee infringes, directly and indirectly, Claims 1, 4, 5, 17, and 19 of the '371 patent by making, using, selling, offering for sale, exporting from, and/or importing into the United States the ecobee SmartThermostat with Voice Control, ecobee3,

---

[4]      The fact that a contention is presented in this pleading does not mean that the opposing party accepts that this contention is properly disclosed or presentable at trial.  The parties incorporate all previous objections to these contentions, including but not limited to all those contained in pending motions, such as motions for summary judgment, motions to strike and *Daubert* motions, and subsequent corresponding rulings from the Court.

ecobee4, ecobee Thermostat Premium, ecobee Thermostat Enhanced, and ecobee3 Lite under 35 U.S.C. § 271(a), (b), and (c).

(5)     Plaintiff contends that the claims of the '887, '495, '282, and '371 patents are not invalid for any reason, including under Sections 101, 102, 103 and 112 of the Patent Act.

(6)     Plaintiff contends that the claims of the '887, '495, '282, and '371 patents are not unenforceable for any reason, including for estoppel, laches, waiver, license, 28 U.S.C. § 1498, or any other legal or equitable theory asserted by ecobee.

(7)     Plaintiff contends that it is entitled under 35 U.S.C. § 284 to compensatory damages for ecobee's past infringement and any continuing or infringement post-trial up until the date a final judgment is entered.

(8)     Plaintiff contends that it is entitled to supplemental damages for period between the jury verdict and the entry of final judgment, as well as pre-judgment and post-judgment interest.

(9)     Plaintiff contends that this is an exceptional case entitling it to expenses and costs (including all disbursements), as well as attorneys' fees under 35 U.S.C. § 285.

(10)     Plaintiff contends that it is entitled to a judgment requiring ecobee to pay Plaintiff a compulsory ongoing royalty.

(11)     Plaintiff contends that it is entitled to compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products.

(12)     Plaintiff seeks all equitable relief from the Court that is just and proper.

(13)     Plaintiff incorporates by reference the expert reports of Dr. Vijay Madisetti, Erik de la Iglesia, and Jim Bergman providing additional details of Plaintiff's contentions.

**2.     Contentions of Defendant:**

ecobee's contentions in this case are detailed in its pleadings, discovery responses, expert

reports, and ecobee's motions, including its motions for summary judgment, Daubert motions, and motions in limine, which are incorporated herein by reference.  By providing these contentions, ecobee does not concede that all of these issues are appropriate for trial.  In particular, ecobee does not waive any of its pending or future filed motions, which if granted, would render some or all of these issues moot.

(1)    ecobee contends it has not infringed and does not infringe, directly or indirectly, any valid claim of the '887, '495, '282, and '371 patents.

(2)    ecobee denies that it has infringed or currently infringes, directly or indirectly, Claims 1, 11, 12, 20, and 21 of the '887 patent.  Specifically, ecobee denies that the Accused Products, including the ecobee SmartThermostat with Voice Control, ecobee Smart Si Thermostat, ecobee3, ecobee4, ecobee Thermostat Premium, ecobee Thermostat Enhanced, and ecobee3 Lite, infringe Claims 1, 11, 12, 20, and 21 of the '887 patent under 35 U.S.C. § 271(a), (b), and (c).

(3)    ecobee contends that it has not induced or contributed to infringement of the '887 patent because direct infringement cannot be proven. Furthermore, if a finding of direct infringement is entered, ecobee contends that it has not induced or contributed to any infringement because it lacked the requisite knowledge and intent. No notice of infringement of any Ollnova patent was given prior to the filing of the lawsuit. In addition, it cannot be shown that ecobee knew or knows that the acts of others that Ollnova alleges ecobee induced constitute infringement of the '887 patent, or that ecobee knew or knows that components it supplied were made or adapted for use in an infringing product and lack substantial non-infringing uses.

(4)    ecobee denies that it has infringed or currently infringes, directly or indirectly, Claims 1, 3, 6, and 21 of the '282 patent.  Specifically, ecobee denies that the Accused Products, including the ecobee SmartThermostat with Voice Control, ecobee3, ecobee4, ecobee

Thermostat Premium, ecobee Thermostat Enhanced, and ecobee3 Lite, infringe Claims 1, 3, 6, and 21 of the '282 patent under 35 U.S.C. § 271(a), (b), and (c).

(5)    ecobee contends that it has not induced or contributed to infringement of the '282 patent because direct infringement cannot be proven. Furthermore, if a finding of direct infringement is entered, ecobee contends that it has not induced or contributed to any infringement because it lacked the requisite knowledge and intent. No notice of infringement of any Ollnova patent was given prior to the filing of the lawsuit. In addition, it cannot be shown that ecobee knew or knows that the acts of others that Ollnova alleges ecobee induced constitute infringement of the '282 patent, or that ecobee knew or knows that components it supplied were made or adapted for use in an infringing product and lack substantial non-infringing uses.

(6)    ecobee denies that it has infringed or currently infringes, directly or indirectly, Claims 1 and 2 of the '495 patent.  Specifically, ecobee denies that the Accused Products, including the ecobee SmartThermostat with Voice Control, ecobee3, ecobee4, ecobee3 Lite, ecobee Thermostat Premium, ecobee Thermostat Enhanced, and ecobee SmartSensor, infringe Claims 1 and 2 of the '495 patent under 35 U.S.C. § 271(a), (b), and (c).

(7)    ecobee contends that it has not induced or contributed to infringement of the '495 patent because direct infringement cannot be proven. Furthermore, if a finding of direct infringement is entered, ecobee contends that it has not induced or contributed to any infringement because it lacked the requisite knowledge and intent. No notice of infringement of any Ollnova patent was given prior to the filing of the lawsuit. In addition, it cannot be shown that ecobee knew or knows that the acts of others that Ollnova alleges ecobee induced constitute infringement of the '495 patent, or that ecobee knew or knows that components it supplied were made or adapted for use in an infringing product and lack substantial non-infringing uses.

(8)    ecobee denies that it has infringed or currently infringes, directly or indirectly, Claims 1, 4, 5, 17, and 19 of the '371 patent.  Specifically, ecobee denies that the Accused Products, including the ecobee SmartThermostat with Voice Control, ecobee3, ecobee4, ecobee Thermostat Premium, ecobee Thermostat Enhanced, and ecobee3 Lite, infringe Claims 1, 4, 5, 17, and 19 of the '371 patent under 35 U.S.C. § 271(a), (b), and (c).

(9)    ecobee contends that it has not induced or contributed to infringement of the '371 patent because direct infringement cannot be proven. Furthermore, if a finding of direct infringement is entered, ecobee contends that it has not induced or contributed to any infringement because it lacked the requisite knowledge and intent. No notice of infringement of any Ollnova patent was given prior to the filing of the lawsuit. In addition, it cannot be shown that ecobee knew or knows that the acts of others that Ollnova alleges ecobee induced constitute infringement of the '371 patent, or that ecobee knew or knows that components it supplied were made or adapted for use in an infringing product and lack substantial non-infringing uses.

(10)    ecobee contends the '887, '495, '282, and '371 patents are invalid under 35 U.S.C. §§ 102 and/or 103, at least based upon one or more of the following references:

- U.S. Patent App. Pub. No. 2004/0008651 ("Ahmed")
- U.S. Patent App. Pub. No. 2006/0028997 ("McFarland")
- U.S. Patent App. Pub. No. 2005/0275530 ("Kates")
- U.S. Patent App. Pub. No. 2005/0017873 ("Liu")
- U.S. Patent App. Pub. No. 2006/0152335 ("Helgeson")
- U.S. Patent App. Pub. No. 2003/0137968 ("Lareau")
- U.S. Patent App. Pub. No. 2004/0122930 ("Pasternak")
- U.S. Patent App. Pub. No. 2003/0151513 ("Herrmann")
- U.S. Patent No. 8,984,500 ("Mesarina")
- U.S. Patent App. Pub. No. 2004/0100394 ("Hitt")

(11)    ecobee contends that the following patents and/or patent publications constitute

9

prior art to the '282 Patent:

- U.S. Patent App. Pub. No. 2004/0008651 ("Ahmed")

- U.S. Patent App. Pub. No. 2006/0028997 ("McFarland")

- U.S. Patent App. Pub. No. 2005/0275530 ("Kates")

- U.S. Patent App. Pub. No. 2005/0017873 ("Liu")

(12)    ecobee contends that the following patents and/or patent publications constitute prior art to the '887 Patent:

- U.S. Patent App. Pub. No. 2005/0275530 ("Kates")

- U.S. Patent App. Pub. No. 2006/0152335 ("Helgeson")

- U.S. Patent App. Pub. No. 2003/0137968 ("Lareau")

(13)    ecobee contends that the following patents and/or patent publications constitute prior art to the '495 Patent:

- U.S. Patent No. 8,984,500 ("Mesarina")

- U.S. Patent App. Pub. No. 2003/0151513 ("Herrmann")

- U.S. Patent App. Pub. No. 2004/0122930 ("Pasternak")

- U.S. Patent App. Pub. No. 2004/0008651 ("Ahmed")

(14)    ecobee contends that the following patents and/or patent publications constitute prior art to the '371 Patent:

- U.S. Patent App. Pub. No. 2005/0275530 ("Kates")

- U.S. Patent App. Pub. No. 2006/0152335 ("Helgeson")

- U.S. Patent App. Pub. No. 2004/0100394 ("Hitt")

(15)    ecobee contends that the asserted claims of the '887 patent are invalid under 35 U.S.C. §§ 102 and/or 103 according to the following grounds:

- Claims 1, 11, 12, 20, and 21 of the '887 patent are anticipated or obvious to a POSITA in view of Kates

- Claims 1, 11, 12, 20, and 21 of the '887 patent are anticipated or obvious to a POSITA in view of Helgeson

- Claims 1, 11, 12, 20, and 21 of the '887 patent are anticipated or obvious to a POSITA in view of Lareau

- Claims 1, 11, 12, 20, and 21 of the '887 Patent are obvious to a POSITA in view of Kates in combination with Lareau

- Claims 1, 11, 12, 20, and 21 of the '887 Patent are obvious to a POSITA in view of Helgeson in combination with Lareau

(16)    ecobee contends that the asserted claims of the '495 patent are invalid under 35

U.S.C. §§ 102 and/or 103 according to the following grounds:

- Claims 1 of the '495 Patent is anticipated or obvious to a POSITA in view of Mesarina

- Claims 2 of the '495 Patent is Obvious to a POSITA in view of Mesarina

- Claims 1 and 2 of the '495 Patent Are Obvious to a POSITA in view of Herrmann

- Claim 1 of the '495 Patent Is Obvious to a POSITA in view of Pasternak

- Claim 2 of the '495 Patent Is Obvious to a POSITA in view of Pasternak in combination with Herrmann

- Claim 1 of the '495 Patent Is Obvious to a POSITA in view of Ahmed

- Claim 2 of the '495 Patent Is Obvious to a POSITA in view of Ahmed in combination with Herrmann

(17)    ecobee contends that the asserted claims of the '282 patent are invalid under 35

U.S.C. §§ 102 and/or 103 according to the following grounds:

- Claims 1 and 6 of the '282 Patent are anticipated or obvious to a POSITA in view of Ahmed

- Claims 1 and 6 of the '282 Patent are anticipated or obvious to a POSITA in view of McFarland

- Claims 1, 3, 6, and 21 of the '282 Patent are anticipated or obvious to a POSITA in view of Ahmed in combination with Kates

- Claims 1, 3, 6, and 21 of the '282 Patent are anticipated or obvious to a POSITA in view of McFarland in combination with Kates

11

- Claims 1, 3, 6, and 21 of the '282 Patent are anticipated or obvious to a POSITA in view of McFarland in combination with Liu

(18)    ecobee contends that the asserted claims of the '371 patent are invalid under 35 U.S.C. §§ 102 and/or 103 according to the following grounds:

- Claims 1, 4, 5, 17, and 19 are anticipated or obvious to a POSITA in view of Kates
- Claims 1, 4, and 5 are anticipated or obvious to a POSITA in view of Helgeson
- Claims 1, 4, 5, 17, and 19 are anticipated or obvious to a POSITA in view of Hitt

(19)    ecobee contends the asserted claims of the '495 patent are ineligible under 35 U.S.C. § 101.

(20)    ecobee contends that Ollnova's demand for damages based on the alleged infringement of the Patents-in-Suit is barred under the doctrine of waiver.

(21)    ecobee contends that Ollnova's demand for damages based on the alleged infringement of the Patents-in-Suit is barred under the doctrine of acquiescence.

(22)    ecobee contends that Ollnova's demand for damages based on the alleged infringement of the Patents-in-Suit is barred under the doctrine of unclean hands.

(23)    ecobee contends that Ollnova's demand for damages based on the alleged infringement of the Patents-in-Suit is barred under the doctrine of estoppel/disclaimer.

(24)    ecobee contends that Ollnova's demand for damages based on the alleged infringement of the Patents-in-Suit is limited by 35 U.S.C. §§ 286, 287, and/or 288.  Specifically, with respect to § 287, ecobee contends that Ollnova's demand for damages related to the '887, '282, and '371 patents is limited because Ollnova has not shown that it or its predecessors-in-interest have sufficiently complied with its marking obligations.  For example, Ollnova has failed to show that the APOGEE System was marked by Siemens as required under § 287.  Accordingly,

for claims 1, 3, and 6 of the '282 patent, claims 1, 11, 12, 20, and 21 of the '887 patent, and claims 1, 4, and 5 of the '371 patent, ecobee contends that damages (to the extent any are awarded) should begin no earlier than the filing of the complaint (which served as ecobee's first notice): March 21, 2022.

(25)    ecobee contends that the '887 Patent and '282 Patent are unenforceable due to inequitable conduct.

(26)    ecobee contends that this is an exceptional case entitling it to expenses and costs (including all disbursements), as well as attorneys' fees under 35 U.S.C. § 285.

(27)    ecobee contends that Plaintiff is not entitled to any relief, including but not limited to damages, pre- or post-judgment interest, or a compulsory ongoing royalty.

(28)    ecobee contends that Plaintiff is not entitled to any pre-suit or ongoing damages. ecobee disputes that Ollnova has suffered damages and, specifically, disputes Ollnova's calculation of a reasonable royalty.  To the extent any award of damages is appropriate, it should not be based on Ollnova's asserted royalty rate; rather it should be in an amount to be determined at trial based on all the evidence presented.

(29)    ecobee contends that Plaintiff is not entitled to any finding in their favor that this case is exceptional, or to any damages, attorneys' fees, or costs.

(30)    ecobee contends that Plaintiff is not entitled to supplemental damages for the period between the jury verdict and the entry of final judgment, as well as pre-judgment and post-judgment interest.

(31)    ecobee seeks all equitable relief from the Court that is just and proper.

E.    **STIPULATIONS AND UNCONTESTED FACTS**

The parties agree to the following stipulations and uncontested facts.

1.    **Stipulations related to case management:**

(1)    The parties will continue to meet and confer to see if the issues in the case may be narrowed before trial, including discussing whether to reduce the number of Patents-in-Suit, Asserted Claims, prior art references, and affirmative defenses. The parties will also comply with the Docket Control Order's requirements regarding the dates for disclosing final election of Asserted Claims, final invalidity theories, final prior art references/combinations, and final equitable defenses.

(2)    The parties will continue to meet and confer regarding objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed to by the parties.

(3)    The parties request that the Court present the most current tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

(4)    The jurors shall be permitted to take handwritten notes during the presentations of the parties.

(5)    The parties will exchange on August 28, 2023 (two weeks before jury selection) a list of the witnesses the parties then believe in good faith they will actually call live.

(6)    The parties agree to exchange the order of witnesses to be called live or via deposition designations by no later than 6:30 p.m. CT two calendar days before the witnesses are expected to testify. Any objections to the identified witnesses shall be provided no later than 6:30 p.m. CT the day before the witness is offered to testify and the parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the witnesses at 8:30 p.m. CT

the day the objections are provided. If counsel intends to change the order of witnesses or the matter of presentation of witness testimony (i.e., by live video feed) due to a COVID-19 pandemic-related disruption, they shall notify the other side immediately according to the parties' agreement regarding how to deal with such disruptions, set forth below.

(7)    The Parties agree that, in the event any witness that is scheduled and disclosed to appear live to testify, becomes unable to do so due to COVID-19 illness or travel restrictions, the witness may be called via live videoconference. To the extent that any party intends to offer testimony in this fashion, it will notify opposing counsel as soon as it becomes aware of the issue and provide a revised order of witness appearance if necessary. In the event that a previously and properly disclosed witness is unavailable (as defined in Fed. R. Civ. P. Rule 32) to give live testimony in person or by video due to COVID-19 illness or travel restrictions, his or her deposition testimony will be permitted as a substitute.

(8)    By 6:30 p.m. CT one calendar day before a witness is expected to testify, the party offering the witness will identify any demonstratives on which that witness may rely during direct examination.  "Demonstratives" are specifically created for the purpose of the trial or physical objects that are shown to the jury but are not made part of the evidentiary record. Demonstratives include power-points, graphics, boards, and animation demonstratives, but does not include scans or blow-ups of exhibits or deposition transcripts, or underlining, highlighting, or similar emphasis on such exhibits or deposition transcripts.  Demonstratives exchanged through the procedures herein may not be used by the opposing party until they have been actually used in court by the disclosing party.  Any physical demonstratives, including any poster boards, must be made available for inspection at the same time and photos or electronic images of the physical demonstratives must be disclosed at the same time along with the other demonstratives.  By 8:30

15

p.m. CT one calendar day before the witness is expected to testify, the opposing party will provide objections to the proposed demonstratives.  Reasonable nonsubstantive edits or corrections of typographical and similar errors to demonstratives may be made to such exhibits prior to use.

(9)    By 6:30 p.m. CT the night before a witness is expected to testify, the party offering the witness will identify any trial exhibits to be used on direct examination with that witness (both live and by deposition) and make any non-documentary trial exhibits to be used with the witness available for physical inspection.   To the extent there is a scope objection, the parties will promptly raise that objection and attempt to resolve it prior to the beginning of trial the next day.  Legible copies of United States and foreign patents, the file prosecution histories of United States patents, published United States and foreign patent applications, and certified translations thereof (if in English or translated into English) may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

(10)    The daily dispute procedure will be handled as follows.  The parties will meet and confer regarding any objections by 9:00 p.m. CT one calendar day before the witness is expected to testify.  By 10:00 p.m. CT, the parties will exchange succinct, single paragraph written arguments of remaining disputes for inclusion in the 11:00 p.m. CT (or whatever time the Court sets) email to the Court using the following format:

1.    <u>Witness A deposition designations pp. #-#</u>.

- Ollnova's [or ecobee's] objection:

- ecobee's [or Ollnova's] response:

2.    <u>Witness B Demonstrative, slide #</u>.

- Ollnova's [or ecobee's] objection:

- ecobee's [or Ollnova's] response:

3. <u>Exhibit X, p. #.</u>

- Ollnova's [or ecobee's] objection:

- ecobee's [or Ollnova's] response:

(11)    During its case-in-chief, Plaintiff will be responsible for sending the 11:00 p.m. CT (or whatever time the Court sets) email of disputed issues and arguments and for preparing and delivering to the Court by 7:00 a.m. CT (or whatever time the Court sets/opens) five sets of 3-ring binders containing the disputed demonstratives/exhibits/designations and the parties' arguments. During its case-in-chief, ecobee will be responsible for sending the 11:00 p.m. CT email of disputed issues and arguments and for preparing and delivering to the Court by 7:00 a.m. CT (or whatever time the Court sets/opens) five sets of 3-ring binders containing the disputed demonstratives/exhibits/designations and the parties' arguments.

(12)    The parties agree that all exhibits and all demonstratives to be used only for cross-examination need not be exchanged in advance.

(13)    With respect to ecobee's source code (JTX __), only the specific printouts of pages of source code discussed by a Party's expert or witness during direct or cross examination will be made a part of the evidentiary record and sent back to the jury.  Printout pages included within JTX __ that are not discussed during the trial will not be made part of the evidentiary record or sent back to the jury.

(14)    Final proposed designations will be provided by the offering party to the opposing party by 6:30 p.m. CT two calendar days before the designations are intended to be played at trial or read to the jury.  The opposing party shall, by 4:30 p.m. CT the day before the designations are intended to be played at trial or read to the jury, provide its objections and proposed counter-

designations.  Any objections to counter-designations shall be provided no later than 8:30 p.m. CT the day the counter-designations are provided.   The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, and remove any attorney objections, and provide a final version of the deposition testimony excerpts (testimony clip report) to the other party by 8:30 p.m. the day before it is to be shown to the jury.  The parties shall raise any disputes during the daily 9:00 p.m. CT meet and confer the day before the deposition testimony is to be shown to the jury.  Any unresolved disputes will be raised with the Court on the day before the deposition testimony is to be presented through the daily dispute procedure described above.

(15)    The parties agree that a single attorney will handle each witness during a particular phase of the trial (*i.e.*, Plaintiff's case-in-chief, Defendant's case-in-chief, Plaintiff's rebuttal), regardless of the scope and number of issues on which that witness testifies.

(16)    No objections, preambles, or exchanges between counsel will be played or read for testimony played via deposition designation.

(17)    If a party designates deposition testimony, and the other party counter-designates or provides rebuttal designations, both sides' designations will be read or played together in the order they appear in the transcript. Each party is responsible for providing a timed report of the deposition designations to counsel prior to the designations being played at trial. Deposition counter-designations will be counted against the counter-designator's time. The time allotted by the Court for each side's presentation shall be reduced by the length of its respective designations.

(18)    Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment, to the extent allowed by the Federal Rules of Evidence.  When a party uses deposition testimony for impeachment, the party [may elect to either

play the deposition testimony by video or to] [5] [must][6] read the deposition testimony live, unless the Court orders otherwise.  Further, regarding impeachment, the Parties reserve the right to offer exhibits for the purposes of impeachment that are not included in the parties' exhibit lists.

(19)     The parties agree that any exhibit listed on either party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by either party during opening statements if the exhibit will in good faith be the subject of testimony.  The parties agree that 30(b)(6) testimony that has been designated in the parties' attached deposition designations may be used in all demonstratives, including those used in opening statements.  The parties agree to meet and confer to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements  or objections can be resolved by the Court.

---

[5]     **Ollnova's Objection:**  Ollnova objects to ecobee's proposal to allow the parties to play deposition testimony by video, which is contrary to this Court's prior practice that requires the cross-examining attorney to show the deposition transcript to the witness to confirm the testimony before publishing it to the jury.  *See, e.g., Optis Wireless Tech., LLC v. Apple Inc.*, 2:19-cv-0066-JRG, Trial Tr. at 290 (E.D. Tex. Aug. 4, 2020) (sustaining objection to the form of the impeachment and stating "You do need to show it to the witness first and confirm that's what he said, and then you can publish it.").

[6]     **ecobee's Objection:** ecobee objects to Ollnova's requirement that deposition designations must be read into the record, and deposition testimony by video may not be used. Ollnova has not identified any local rule or Standing Order barring the use of deposition video, and this Court has previously permitted the option for deposition testimony by video in other cases. *See, e.g., Infernal Tech., LLC v. Sony Interactive Enter. LLC*, No. 2:19-cv-00248-JRG, Dkt. 280 at 1 (E.D. Tex. Feb. 26, 2021) ("The Parties agree that the depositions identified below that were taken in prior litigation may be used as if taken in this case, including by playing video of the deposition or reading the deposition transcript into the record at trial"); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-cv-00201-JRG, Dkt. 842 at 2-3 (E.D. Tex. June 23, 2017) ("To the extent Plaintiffs seek additional time because some testimony, presented by video deposition, must be translated, the Parties are encouraged to reach an appropriate stipulation …"). Use of video is also consistent with the Court's requirement to show the deposition transcript to the witness to confirm the testimony, as that can be done with the transcript prior to publishing the video to the jury.

(20)    The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and demonstratives by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and demonstratives each day.

(21)    Twelve (12) copies of an agreed juror notebook which will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents (including the Asserted Patents and the Court's claim constructions), a legal pad, a pen, and a highlighter will be delivered to the Court before jury selection, with the exception of the witness sheets. The witness sheets for a witness will be inserted in the notebook the morning of the witness's testimony by the court staff.

(22)    The parties will share any courtroom audio-visual equipment and will provide each other electronic versions of whatever they display immediately after the display.

(23)    The Parties will present their respective cases in the following order:

- Ollnova presents its case-in-chief;

- ecobee presents (a) its rebuttal to Ollnova's case-in-chief, and (b) ecobee's case-in-chief; and

- Ollnova presents its rebuttal to ecobee's case-in-chief [and rebuttal to ecobee's rebuttal to Ollnova's case-in-chief].  [For clarity, Ollnova will not present any evidence or testimony concerning its own case-in-chief, or ecobee's rebuttal to Ollnova's case-in-chief, during this phase of the trial.]

(24)    [Each trial witness shall only be called once during the course of trial, with the exception of Dr. Vijay Madisetti, who may be called once during Ollnova's case-in-chief, and once during Ollnova's rebuttal to ecobee's case-in-chief.  For clarity, Dr. Madisetti: (1) will not present any evidence or testimony concerning ecobee's case-in-chief, or Ollnova's rebuttal to ecobee's case-in-chief, when Dr. Madisetti is called during Ollnova's case-in-chief.; and (2) will not present

20

any evidence or testimony concerning Ollnova's case-in-chief, or ecobee's rebuttal to Ollnova's case-in-chief, when Dr. Madisetti is called during Ollnova's rebuttal to ecobee's case-in-chief.] [7,8]

**2.    Uncontested Facts:**

(1)    The Plaintiff owned the '887 patent, '495 patent, '282 patent, and '371 patent as of the filing of this action and continues to own these patents.

(2)    Ecobee does not dispute that Ollnova had standing to assert the Asserted Patents as of the filing of this action and continues to have standing to assert the Asserted Patents in this action.

---

[7]    **Ollnova's Objection:**  Ollnova objects to ecobee's proposal which is contrary to this Court's prior practice where the plaintiff's rebuttal case addresses both validity and infringement issues.  *See, e.g.,* *Optis Wireless Tech., LLC v. Apple Inc.*, 2:19-cv-0066-JRG, (Testimony of experts Dr. Vijay Madisetti and Dr. Mark Mahon) (E.D. Tex. Aug. 7, 2020); *ContentGuard Holdings Inc. v. Samsung Elecs. Co. Ltd., et al.*, No. 2:13-cv-1112-JRG (Testimony of expert Dr. Michael Goodrich) (E.D. Tex. Sept. 22, 2015), PM Trial Tr. at 85 (overruling objection regarding rebuttal infringement testimony and stating "I told the jury in the preliminary instructions that the Plaintiff could address any of the evidence that the Defendants put on in their case, and I assume that's what they're doing.").  ecobee's proposal is also contrary to the Federal Circuit Bar Association Model Patent Jury Instructions (May 2020) § A.5 ("[Patent holder] may then put on additional evidence responding to [alleged infringer]'s evidence that the claims of the [ ] patent are invalid, and to offer any additional evidence of infringement [and willfulness]. This is referred to as 'rebuttal' evidence. [Patent holder]'s 'rebuttal' evidence may respond to any evidence offered by [alleged infringer].").

[8]    **ecobee's Objection:**  ecobee objects to Ollnova's proposal, which allows Ollnova to have an additional opportunity to address its own case-in-chief (without permitting ecobee the same) and the "last word" on all issues, instead of limiting its rebuttal case to rebuttal of ecobee's case-in-chief.  While Ollnova cites to the Federal Circuit Bar Association Model Patent Jury Instructions (May 2020), it omits the following paragraph that contemplates an ***equal*** opportunity for both parties to present their case: "Finally, [alleged infringer] may have the option to put on its 'rebuttal' evidence to support its contentions as to the validity [and/or enforceability] of [some of the] [the] claims of the [ ] patent by responding to any evidence offered by [patent holder] on that issue." *Id.*, § A.5.  ecobee's proposal similarly provides for an equal opportunity for both sides to present their cases-in-chief and rebuttal cases.  Further, ecobee proposes that each witness be called only once during the trial  barring specific exception, in order to promote efficient proceedings. Ollnova's proposal would allow for multiple witnesses to be called multiple times, which would result in delays an inefficiencies.

(3)    For purposes of this action only, Ollnova admits that the earliest priority dates to which the asserted patents are entitled are as follows:

- '887 patent: April 12, 2006

- '495 patent: August 9, 2004

- '282 patent: March 19, 2008

- '371 patent: January 3, 2008

(4)    ecobee admits that each Accused Product has been sold or offered for sale in the United States.

(5)    While ecobee denies that any Accused Products infringe any Asserted Patents, ecobee admits that it has not redesigned any of the Accused Products to avoid infringement of the Asserted Patents after Ollnova commenced this Action.

(6)    ecobee admits that none of ecobee's fact witnesses have read any of the Asserted Patents as of March 14, 2023.

(7)    ecobee admits that none of ecobee's fact witnesses have developed an opinion concerning whether or not the Accused Products infringe the Asserted Patents.

(8)    ecobee admits that none of ecobee's fact witnesses have developed an opinion concerning whether or not the Asserted Patents are invalid.

(9)    ecobee admits that each of the ecobee SmartThermostat with Voice Control, ecobee3, ecobee4, ecobee Thermostat Premium, ecobee Thermostat Enhanced, and ecobee3 Lite includes ███████████████████████████████████████████████

████████████████

(10)    ecobee admits that each of the Accused Products includes components capable of measuring indoor temperature.

(11)    ecobee admits that each of the Accused Products includes memory.

(12)    ecobee admits that each of the Accused Products includes a processor.

(13)    While ecobee denies that any features or functionality of its Accused Products infringe any Asserted Patents, ecobee admits that each of the Accused Products implements certain features and/or functionality based on firmware.

(14)    ecobee admits that each of the Accused Products includes memory capable of ████████████████████████████

(15)    Ollnova admits that it did not provide notice to ecobee of its alleged infringement of the Patents-in-Suit before March 21, 2022, which was the date that the Complaint in this lawsuit was served on ecobee.

(16)    Ollnova admits that it does not seek any pre-suit damages for any alleged infringement of method claim 21 of the '282 Patent, method claims 17 and 19 of the '371 Patent, and claims 1 and 2 of the '495 Patent.

## F.    CONTESTED ISSUES OF FACT AND LAW

The Parties identify the following issues that remain to be litigated. The Parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case, the Court's rulings on any pending motion, or ruling made at the pretrial conference in this action.

By providing this statement, the Parties do not concede that all of these issues are appropriate for trial. The Parties also do not waive any of their pending motions.

### 1.    Infringement

(1)    Whether Plaintiff has shown by a preponderance of the evidence that ecobee has infringed, directly or indirectly, Claims 1, 11, 12, 20, and 21 of the '887 patent.

(2)    Whether Plaintiff has shown by a preponderance of the evidence that ecobee has infringed, directly or indirectly, Claims 1 and 2 of the '495 patent.

(3)    Whether Plaintiff has shown by a preponderance of the evidence that ecobee has infringed, directly or indirectly, Claims 1, 3, 6, and 21 of the '282 patent.

(4)    Whether Plaintiff has shown by a preponderance of the evidence that ecobee has infringed, directly or indirectly, Claims 1, 4, 5, 17, and 19 of the '371 patent.

**2.    Invalidity**

(1)    Whether ecobee has shown by clear and convincing evidence that Claims 1, 11, 12, 20, and 21 of the '887 patent are invalid.

(2)    Whether ecobee has shown by clear and convincing evidence that Claims 1 and 2 of the '495 patent are invalid.

(3)    Whether ecobee has shown by clear and convincing evidence that Claims 1, 3, 6, and 21 of the '282 patent are invalid.

(4)    Whether ecobee has shown by clear and convincing evidence that Claims 1, 4, 5, 17, and 19 of the '371 patent are invalid.

**3.    Patent Eligibility**

(1)    Whether ecobee has shown by clear and convincing evidence that Claims 1 and 2 of the '495 patent claim ineligible subject matter.

**4.    Unenforceability**

(1)    Whether ecobee has shown by clear and convincing evidence that the '887 Patent is unenforceable due to inequitable conduct.

(2)    Whether ecobee has shown by clear and convincing evidence that the '282 Patent is unenforceable due to inequitable conduct.

### 5.    Affirmative Defenses

(1)    Whether ecobee has met its burden to show that Ollnova's demand for damages based on the alleged infringement of the Patents-in-Suit is barred under the doctrine of waiver.

(2)    Whether ecobee has met its burden to show that Ollnova's demand for damages based on the alleged infringement of the Patents-in-Suit is barred under the doctrine of estoppel.

(3)    Whether ecobee has met its burden to show that Ollnova's demand for damages based on the alleged infringement of the Patents-in-Suit is barred under the doctrine of acquiescence.

(4)    Whether ecobee has met its burden to show that Ollnova's demand for damages based on the alleged infringement of the Patents-in-Suit is barred under the doctrine of unclean hands.

(5)    Whether ecobee has met its burden to show that Ollnova's demand for damages based on the alleged infringement of the Patents-in-Suit is barred under the doctrine of estoppel/disclaimer.

### 6.    Damages/Remedies

(1)    In the event that ecobee is found liable for infringement of any asserted claim of the Patents-in-Suit that is not found to be invalid or unenforceable, what award of damages, if any, Ollnova has met its burden to prove should be awarded to Ollnova to compensate for ecobee's alleged patent infringement, including whether supplemental damages post-verdict and pre- and post-judgment interest are appropriate.

(2)    Whether Ollnova's demand for damages with respect to claims 1, 3, and 6 of the '282 patent, claims 1, 11, 12, 20, and 21 of the '887 patent, and claims 1, 4, and 5 of the '371 patent is limited due to a failure to comply with the marking requirements of 35 U.S.C. § 287.

(3)     Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Plaintiff is entitled to attorneys' fees or costs (including all disbursements).

(4)     In the event that ecobee is found liable for infringement of any claim of the Patents-in-Suit that is not found to be invalid or unenforceable, whether Plaintiff is entitled to a judgment and order requiring that ecobee pay Plaintiff a compulsory ongoing royalty.

(5)     Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Defendant is entitled to attorneys' fees or costs (including all disbursements).

(6)     Whether ecobee is entitled to equitable relief from the Court.

**G.     LIST OF WITNESSES**

 **1.     For Plaintiff:**

Plaintiff's witness list and deposition designations are attached hereto as Exhibits A and B, respectively.

 **2.     For Defendants:**

ecobee's witness list and deposition designations are attached as Exhibits D and E, respectively.

**H.     LIST OF EXHIBITS**

 **1.     Joint**

The Parties' joint trial exhibit list is attached as Exhibit I.

 **2.     For Plaintiff:**

Plaintiff's trial exhibit list is attached as Exhibit C.

 **3.     For Defendant:**

ecobee's trial exhibit list is attached as Exhibit F1.

 **4.     For Defendant (Equitable Defenses Only):**

ecobee's post-trial exhibit list for equitable defenses only is attached as Exhibit F2.

The Parties agree to address any equitable defenses in a post-trial proceeding, and further agree that any exhibit to be used solely for post-trial proceedings need not be included nor counted as an exhibit in a Party's trial exhibit list, and instead may be listed separately for use only in such post-trial proceeding. The Parties agree that any exhibit listed in Exhibit F2 may not be used as a trial exhibit at trial.

**I.    PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**

Attached as Exhibit G is the Parties' proposed jury instructions.

Attached as Exhibit H is the Parties' proposed verdict form.

## J.    LIST OF PENDING MOTIONS

| Date | Dkt. | Party | Motion |
|------|------|-------|--------|
| 6/12/2023 | 122 | ecobee | Sealed Motion for Partial Summary Judgment as to Pre-Notice Damages |
| 6/12/2023 | 123 | ecobee | Sealed Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,860,495 Under 35 U.S.C § 101 |
| 6/12/2023 | 124 | ecobee | Sealed Motion to Exclude Portions of Expert Testimony of Jim W. Bergman Pursuant to *Daubert* |
| 6/12/2023 | 125 | ecobee | Motion to Exclude Portions of Expert Testimony of Dr. Vijay Madisetti Pursuant to *Daubert* |
| 6/12/2023 | 127 | Ollnova | Sealed Motion for Partial Summary Judgment on Defendant's Marking Defense |
| 6/12/2023 | 128 | Ollnova | Sealed Motion to Strike Evidence and Exclude Opinions of Shukri Souri |
| 6/12/2023 | 129 | Ollnova | Sealed Motion to Strike Evidence and Exclude Opinions of Shukri Souri and Todd Schoettelkotte |
| 6/12/2023 | 130 | Ollnova | Motion for Partial Summary Judgment of No Invalidity of U.S. Patent No. 7,746,887 |
| 7/24/2023 | 191 | ecobee | ecobee's motions *in limine* nos. 1-3 |
| 7/24/2023 | 192 | Joint | Agreed motions *in limine* Nos. 1-3 |
| 7/24/2023 | 193 | Ollnova | Ollnova's motions *in limine* Nos. 1-4 |

## K.    PROBABLE LENGTH OF TRIAL

The Parties estimate the probable length of the jury trial is 24 hours (exclusive of voir dire, opening, and closing), with 12 hours for each side.

The Parties seek 30 minutes for opening statements and 45 minutes for closing statements, for each side.

## L.    MANAGEMENT CONFERENCE LIMITATIONS

Plaintiff request that the following items be heard at the pretrial conference as they would directly impact the trial:

1.    Ollnova's Sealed Motion for Partial Summary Judgment on Defendant's Marking Defense

2.    Ollnova's Sealed Motion to Strike Evidence and Exclude Opinions of Shukri Souri

3.    Ollnova's Sealed Motion to Strike Evidence and Exclude Opinions of Shukri Souri and Todd Schoettelkotte

4.    Ollnova's Motion for Partial Summary Judgment of No Invalidity of U.S. Patent No. 7,746,887

5.    Ollnova's motions *in limine* Nos. 1-4, and the parties' agreed motions *in limine* Nos. 1-3 (Dkt. Nos. 192, 193)

ecobee requests that the following items be heard at the pretrial conference as they would directly impact the trial:

1.    ecobee's Sealed Motion for Partial Summary Judgment as to Pre-Notice Damages

2.    ecobee's Sealed Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,860,495 Under 35 U.S.C 101

3.    ecobee's Sealed Motion to Exclude Portions of Expert Testimony of Jim W. Bergman Pursuant to Daubert

4.    ecobee's Motion to Exclude Portions of Expert Testimony of Dr. Vijay Madisetti Pursuant to Daubert

5.    ecobee's motions *in limine* nos. 1-3 (Dkt. No. 191)

## M.    CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)    Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3)    Each exhibit in the List of Exhibits herein:

      (a)    is in existence;

      (b)    is numbered; and

      (c)    has been disclosed and shown to opposing counsel.

Dated:  August 1, 2023

Respectfully submitted,

By: _Brett Cooper_
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201

***Attorneys for Plaintiff Ollnova Technologies Limited***

By: */s/ Jason Dorsky*

Jennifer Parker Ainsworth
TX Bar No. 00784720
WILSON, ROBERTSON &
VANDEVENTER, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092
Email: jainsworth@wilsonlawfirm.com

Timothy J. Carroll
VENABLE LLP
227 W Monroe St, Suite 3950
Chicago, IL 60606
Telephone: (312) 820-3400
Facsimile: (312) 820-3401
Email: TJCarroll@Venable.com

Manny J. Caixeiro
VENABLE, LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
310-229-9900

Fax: 310-229-9901
Email: MJCaixeiro@venable.com

Jason M. Dorsky
VENABLE LLP
Megan S. Woodworth
MSWoodworth@Venable.com
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
Email: JMDorsky@Venable.com

Daniel A. Apgar
DApgar@Venable.com
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10036
Tel.: (212) 218-2209
Fax: 212-218-2200

*Attorneys for Defendant*
*ecobee Technologies, ULC d/b/a ecobee*

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record are being served on August 1, 2023 with a copy of this document via email.

_/s/ Brett Cooper_____
Brett E. Cooper

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendant and counsel for Plaintiff met and conferred, and all parties agree to filing the foregoing document as a joint motion.

_/s/ Brett Cooper_____
Brett E. Cooper

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that, pursuant to Local Rule CV-5(7)(A), authorization for filing the foregoing motion and/or exhibits thereto under seal has been conveyed through the Protective Order (Dkt. No. 42) entered in this matter.

_/s/ Brett Cooper_____
Brett E. Cooper

33