# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OLLNOVA TECHNOLOGIES LTD., *Plaintiff*, v. ECOBEE TECHNOLOGIES ULC d/b/a ECOBEE, *Defendant*. | Case No. 2:22-cv-00072-JRG  The Honorable J. Rodney Gilstrap |

**DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON THE IMPROPER INFRINGEMENT QUESTION IN THE VERDICT FORM OR, IN THE ALTERNATIVE, FOR AN AMENDED JUDGMENT SETTING THE APPROPRIATE START DATE FOR PREJUDGMENT INTEREST**

# **TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 1

II. Factual Background .......................................................................................................... 2

III. Argument ........................................................................................................................... 4

    A. The Verdict Form Failed to Satisfy the Requirements for a Valid Verdict. ............ 4

        1. The Jury Did Not Announce the Result on Each of Ollnova's Claims or ecobee's Counterclaims. .............................................................. 4

        2. The Verdict Form Violated ecobee's Right to a Unanimous Decision. ...................................................................................................... 5

    B. The Verdict Form Prejudiced ecobee. ..................................................................... 7

        1. The Verdict Form Hinders ecobee's Ability to Challenge the Infringement Finding and Damages Award. ............................................... 7

        2. The Verdict Form Vitiates Important Estoppel Protections. ...................... 8

        3. The Verdict Form Violated ecobee's Due Process Rights.......................... 8

    C. A New Trial on Infringement and Damages is Needed if the Court Grants ecobee's Motion for JMOL or a New Trial as to Any One Issue. .......................... 9

    D. The Verdict Form Forecloses Prejudgment Interest Prior to March 8, 2022. ........ 11

IV. Conclusion ....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Accentra, Inc. v. Staples, Inc.*,
    500 F. App'x 922 (Fed. Cir. 2013) ............................................................................... 10

*Andres v. U.S.*,
    333 U.S. 740 (1948) ........................................................................................................ 6

*Ericsson Inc. v. TCL Commc'n Tech. Hld., Ltd.*,
    No. 2:15-CV-00011-RSP, 2018 WL 2149736 (E.D. Tex. May 10, 2018) ....................... 11

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014) ...................................................................................... 10

*Greatbatch Ltd. v. AVX Corp.*,
    No. 13-cv-723, 2018 WL 1568872 (D. Del. Mar. 30, 2018) ........................................... 11

*Hager v. Gordon*,
    171 F.2d 90 (9th Cir. 1948) .............................................................................................. 5

*i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831 (Fed. Cir. 2010) ............................................. 10

*Imperium IP Hld. (Cayman), Ltd. v. Samsung Elecs. Co.*,
    No. 4:14-CV-00371, 2017 WL 1716589 (E.D. Tex. Apr. 27, 2017) ................................ 12

*James Talcott, Inc. v. Allahabad Bank, Ltd.*,
    444 F.2d 451 (5th Cir. 1971) ............................................................................................ 8

*Jazzabi v. Allstate Ins. Co.*,
    278 F.3d 979 (9th Cir. 2002) ............................................................................................ 6

*Johnson v. ABLT Trucking Co.*,
    412 F.3d 1138 (10th Cir. 2005) ........................................................................................ 4

*Kearns v. General Motors Corp.*,
    94 F.3d 1553 (Fed. Cir. 1996) .......................................................................................... 5

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
    No. CA 10-311-GMS, 2011 WL 4543886 (D. Del. Sept. 29, 2011) ................................. 8

*Memphis Cmty. Sch. Dist. v. Stachura*,
    477 U.S. 299 (1986) ....................................................................................................... 11

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950) ......................................................................................................... 9

*Oiness v. Walgreen Co.*,
 88 F.3d 1025 (Fed. Cir. 1996) .................................................................................................. 12

*Omega Pats., LLC v. CalAmp Corp.*,
 920 F.3d 1337 (Fed. Cir. 2019) .................................................................................................. 11

*Optis Wireless Tech., LLC v. Apple Inc.*,
 No. 2:19-cv-00066-JRG, Dkt. 667 (E.D. Tex. Aug. 9, 2021) ..................................................... 4, 10

*Russell v. Place*,
 94 U.S. 606 (1876) ..................................................................................................................... 8

*SEB S.A. v. Montgomery Ward & Co.*,
 594 F.3d 1360 (Fed. Cir. 2010) .................................................................................................. 9

*SynQor, Inc. v. Artesyn Techs., Inc.*,
 No. 2:07-CV-497-TJW-CE, 2011 WL 3625036 (E.D. Tex. Aug. 17, 2011) ..................... 5

*Trustees of Bos. Univ. v. Everlight Elecs. Co.*,
 187 F. Supp. 3d 306 (D. Mass. 2016) ...................................................................................... 12

*Verizon Services Corp. v. Vonage Holdings Corp.*,
 503 F.3d 1295 (Fed. Cir. 2007) ............................................................................................ 9, 10

*VirnetX Inc. v. Apple Inc.*,
 No. 6:12-cv-885-RWS, 2020 WL 3635929 (E.D. Tex. Apr. 23, 2020) ........................... 10

*Yufa v. Hach Ultra Analytics, Inc.*,
 629 F. App'x 983 (Fed. Cir. 2015) ............................................................................................ 8

*Zhang v. Am. Gem Seafoods, Inc.*,
 339 F.3d 1020 (9th Cir. 2003) ................................................................................................ 4, 5

**Statutes**

35 U.S.C. § 286 ............................................................................................................................. 4, 12

U.S. Const. Amend. V ................................................................................................................... 9

**Rules**

Fed. R. Civ. P. 48(b) ...................................................................................................................... 6

Fed. R. Civ. P. 59 ........................................................................................................................... 1

Fed. R. Civ. P. 59(e) ...................................................................................................................... 2

## I.  INTRODUCTION

ecobee moves for a new trial under Fed. R. Civ. P. 59 as to infringement and damages because the verdict form improperly combined the issues of infringement of thirteen claims across four distinct patents into a single question that asked whether ecobee infringed any claim of any of the four patents.[1] The jury's affirmative answer to that question failed to announce the results of each of Ollnova's four discrete counts of patent infringement and ecobee's four distinct counterclaims for declaratory judgment of non-infringement of each asserted patent.

The verdict form also deprived ecobee of its right to a unanimous verdict. The jury would have answered the infringement question affirmatively even if each juror believed ecobee infringed a different asserted patent, but the jurors did not unanimously agree that ecobee infringed any single patent.

The verdict form further prejudiced ecobee with respect to not only post-trial briefing and appeal in this case, but also estoppel in subsequent proceedings. The verdict provided claim-by-claim findings on invalidity, thereby allowing Ollnova to target just the relevant (invalidated) claims in post-trial briefing. Because the verdict provided no such findings on infringement, ecobee is prevented from addressing only the infringed patent(s) in its post-trial briefing and appeal, and is forced to address all claims including those that it may not have been found to infringe.

Moreover, if the Court grants one of ecobee's other post-trial motions, it should order a new trial on infringement and damages on any surviving claims because the verdict form makes it impossible to determine the basis for the jury's liability finding.

---

[1] Similar arguments to those herein were advanced by the defendant in Case No. 2:19-CV-00066-JRG (E.D. Tex.). ecobee respectfully submits that the Court erred in rejecting those arguments (Dkt. 667).

1

Finally, the verdict form precludes prejudgment interest prior to the March 8, 2022 date on which the complaint was filed. Interest on damages cannot accrue until damages accrue. Here, damages undisputedly did not begin to accrue for multiple asserted claims until Ollnova filed its complaint. But no one knows which patent(s) underlie the jury's infringement finding and damages award. Thus, if a new trial is not granted, judgment should be amended under Fed. R. Civ. P. 59(e) so prejudgment interest accrues from no earlier than March 8, 2022.

## II.      FACTUAL BACKGROUND

Ollnova raised four distinct counts in its complaint: Count 1 – infringement of U.S. Patent No. 8,224,282; Count 2 – infringement of U.S. Patent No. 7,746,887; Count 3 – infringement of U.S. Patent No. 7,860,495; and Count 4 – infringement of U.S. Patent No. 8,264,371. Dkt. 76 at 3-14. Each patent is distinct from the others, with none sharing a common specification or priority claim. ecobee's answer included, among other things, four distinct counterclaims, each for a declaration of non-infringement of a different asserted patent. Dkt. 84 at 19-26. The parties demanded a jury trial on Ollnova's claims and ecobee's counterclaims. *Id.* at 34; Dkt. 76 at 17.

At trial, Ollnova offered a variety of different infringement theories, many of which depended on precise and specific configurations of ecobee's products. *See* Ex. 1 [Trial Tr.] at 443:6-8. For example, according to Ollnova, the "infringing configuration" for the '495 patent required "an ecobee thermostat and a [remote] sensor together"—but only: (1) "[i]f there's a WiFi network," and (2) if the thermostat is ***not*** the Smart Si model. *Id.* at 273:7-18, 396:14-17. Other infringement theories cast a different net. For example, Ollnova argued that all accused ecobee thermostats—including Smart Si—infringed claim 1 of the '887 patent, regardless of whether they had been arranged with any remote sensors. *Id.* at 287:23-288:8.

The allegedly infringing configurations varied even across the claims of a given patent, and based on the nature of the alleged infringement (direct versus indirect). For example, Ollnova

2

accused ecobee of directly infringing apparatus claim 1 of the '371 patent based on its sales of certain thermostats, irrespective of whether those thermostats had been paired with any remote sensors. *Id.* at 333:21-334:4. In contrast, Ollnova's alleged indirect infringement of method claim 17 of the '371 patent applied only when the same thermostats were paired with at least two remote sensors. *Id.* at 345:24-346:10. In total, Ollnova advanced no less than five different theories for how different configurations and arrangements of accused products infringed various claims of the four asserted patents. Ex. 2 [Madisetti Dems.].[2]

During pretrial, and again at the close of evidence, both parties proposed verdict forms with multiple infringement questions, each question relating to an individual asserted patent. Dkt. 199-9 at 4-6. The Court rejected both parties' proposals, and *sua sponte* grouped all thirteen claims of four patents into a single question that asked whether ecobee "infringed **ANY** of the Asserted Claims." Dkt. 225 at 4 (emphasis original). By contrast, the verdict form contained multiple invalidity questions requiring separate findings as to whether each challenged claim of each asserted patent was, individually, anticipated or obvious. *Id.* at 6. ecobee objected to this aspect of the verdict form and the Court overruled those objections. Ex. 1 [Trial Tr.] at 1212:8-24.

Nothing in the verdict form instructed the jury that, to answer "Yes" to the infringement question, all jurors had to unanimously agree that the *same* patent was infringed. While the verdict form made a general reference to "unanimous" responses (Dkt. 225 at 1), when read in conjunction with the Court's "**ANY** of the Asserted Claims" language in the infringement question, it directed the jury to answer "Yes" to infringement in a situation where all jurors believed that *some* patent was infringed—but they did not all agree that the *same* patent was infringed. Thus, the jury was

---

[2] As explained in ecobee's motion for JMOL on damages, Ollnova's damages calculations also depended on which patents were infringed and which accused products were infringing.

3

instructed to answer "Yes" to the infringement question even in the absence of a unanimous finding that a particular patent (much less the same patent claim) was infringed.

The jury answered "Yes" to the infringement question. Dkt. 225 at 4. The jury further found that ecobee had proven each of the four asserted claims of the '282 patent to be invalid, and that ecobee had not proven either asserted claim of the '495 patent was invalid. *Id.* at 6. The jury awarded an $11.5 million lump sum for the life of the patents but did not specify (and were not asked to specify) which patent(s) provide the basis for that award. *Id.* at 7. In its final judgment, the Court awarded prejudgment interest "from the date [] infringement began" (Dkt. 237 at 2), and Ollnova has represented that it is seeking interest from 2012.[3]

### III. ARGUMENT

#### A. The Verdict Form Failed to Satisfy the Requirements for a Valid Verdict.

##### 1. The Jury Did Not Announce the Result on Each of Ollnova's Claims or ecobee's Counterclaims.

This Court has, in other cases, characterized the single infringement question for multiple patents as a "general verdict." *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-cv-00066-JRG, Dkt. 667, at *33-34 (E.D. Tex. Aug. 9, 2021), *appeal pending*, No. 2022-1904 (Fed. Cir.). But a general verdict must, at a minimum, "announce[] the ultimate legal result of *each claim*." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003) (emphasis added); *see Johnson v. ABLT Trucking Co.*, 412 F.3d 1138, 1142 (10th Cir. 2005) ("[T]he hallmark of a general verdict is that it requires the jury to announce the 'ultimate legal result of *each claim*.'") (citation omitted)

---

[3] For the reasons set forth herein, ecobee hereby objects, and when afforded an opportunity to respond to Ollnova filing a calculation of prejudgment interest will reiterate its objection, to Ollnova's calculation of prejudgment interest to the extent it begins to run any time earlier than the March 8, 2022 filing of the complaint. ecobee further and independently objects to the calculation of prejudgment interest to the extent it begins to run prior to March 8, 2016, which is the earliest date that damages could possibly begin under the statute of limitations. *See* 35 U.S.C. § 286 (six year statute of limitations).

(emphasis added). In *Hager v. Gordon*, 171 F.2d 90, 93 (9th Cir. 1948), for example, the Court held that a verdict form erroneously "interwove the two causes of action as to virtually preclude the jury from separating the two causes of action and presenting a finding as to the merit or lack of merit they may have found in each."

"By statutory and common law, each patent establishes an independent and distinct property right." *Kearns v. General Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996). Consequently, "[e]ach patent asserted raises an independent and distinct cause of action." *Id.* at 1555-56 ("[I]nfringement must be separately proved as to each patent."). Ollnova raised four separate causes of action for infringement of four asserted patents, and ecobee raised four separate declaratory judgment counterclaims. *See* Sec. II. Thus, to announce the ultimate legal result of each claim, the verdict in this case should have included, at the very least, separate infringement question(s) for each patent, as both parties proposed. *Zhang*, 339 F.3d at 1031; *see, e.g.*, *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497-TJW-CE, 2011 WL 3625036, at *15 (E.D. Tex. Aug. 17, 2011) (finding "general verdict" form "sufficient" where it "addressed direct infringement, induced infringement, and contributory infringement *separately* for each Defendant *for each asserted claim* of [Plaintiff's] patents") (emphasis added).

In contrast, the single infringement question presented to the jury here "interwove the [four] causes of action" and failed to announce the results on each of Ollnova's four distinct counts and each of ecobee's four counterclaims. *Hager*, 171 F.2d at 93. No one can discern the result of each claim and counterclaim, as the jury neither determined that every patent was infringed nor indicated which patents were not infringed.

### 2. The Verdict Form Violated ecobee's Right to a Unanimous Decision.

The verdict form permitted—and, in fact, instructed—the jury to find ecobee liable for infringement regardless of whether all jurors agreed that ecobee was infringing the same patent

5

claim. "Unanimity in jury verdicts is required where," as here, the "Seventh Amendment[] appl[ies]." *Andres v. U.S.*, 333 U.S. 740, 748 (1948); Fed. R. Civ. P. 48(b) ("[T]he verdict must be unanimous[.]"). Thus, "civil juries must 'render unanimous verdicts on the ultimate issues of a given case[,]' not just the final verdict itself." *Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 982-85 (9th Cir. 2002) (citation omitted).

In its four separate counts of infringement, Ollnova alleged that ecobee was infringing thirteen separate claims across four distinct patents. Ollnova's infringement theories accused a variety of products and configurations, and its damages theories varied from claim to claim and from patent to patent. *See* Sec. II.[4] Yet, the single infringement question on the verdict form combined all claims, patents, counts, and conduct together, asking merely whether Ollnova proved that ecobee "infringed **ANY** of the Asserted Claims." Dkt. 225 at 4 (emphasis original). That question erroneously required an affirmative answer even in a situation where all jurors did not agree that *the same* patent was being infringed. As long as each juror believed *some* claim of *some* patent was infringed, the jury would have been required to answer "Yes"—even if various jurors believed that ecobee was infringing a *different* asserted patent. For example, two jurors could have found ecobee infringed claim 1 of the '495 patent, three jurors could have found ecobee infringed claim 1 of the '371 patent, and three jurors could have found ecobee infringed claim 1 of the '887 patent—and in that situation the verdict form required an affirmative infringement finding despite the lack of a unanimous verdict that ecobee was infringing any particular patent (much less any particular claim). The verdict form thereby deprived ecobee of its right to a unanimous decision.

The jury instructions' reference to unanimity did not remedy this error. For example, the

---

[4] *See also* ecobee's motion for judgment as a matter of law of no damages or, in the alternative, a new trial regarding damages, filed contemporaneously herewith.

6

Court told the jury that "your answers and your verdict must be unanimous." Ex. 1 [Trial Tr.] at 1220:20-21. The jury could have abided by that instruction yet still believed that it need only be unanimous about the question asked on the verdict form—whether ecobee infringed "**ANY**" of the asserted patents—and not whether ecobee infringed the *same* patent. Any attempt to remedy the deficiencies in the verdict form would have required, among other things, an instruction that the jury had to unanimously agree as to the specific patents it found infringed. Here, in contrast, the triple emphasis on "**ANY**" compelled (or at least invited) the jurors to return an affirmative answer as long as each juror individually believed at least one (i.e., "any") patent was infringed—absent the required collective, unanimous agreement as to the specific infringed patent(s).[5]

    **B.**    **The Verdict Form Prejudiced ecobee.**

        **1.**    **The Verdict Form Hinders ecobee's Ability to Challenge the Infringement Finding and Damages Award.**

The verdict form prejudiced ecobee by obscuring the basis for the jury's liability finding, especially because Ollnova can now challenge adverse invalidity findings by narrowly tailoring its post-trial arguments to the specific claims of the specific patent that the jury invalidated. The verdict specifies, for example, that ecobee proved claim 1 of the '282 patent was invalid, but did not prove claim 1 of the '495 patent was invalid. So Ollnova can try to overturn the adverse finding by addressing '282 patent claim 1, without having to address the '495 patent.

In stark contrast, ecobee must approach post-trial arguments without knowing even which patents formed the basis for the jury's infringement and damages decisions—and it must address arguments that may have played no role in the jury's ultimate decision. This gives Ollnova an

---

[5] While the damages question in the verdict form required a response only "as to any Asserted Claim that you have found to be infringed . . . AND . . . not invalid" (Dkt. 225 at 7), this did not remedy the deficiencies in the infringement question because it did not require unanimity as to the infringed and not invalid patent. The jury could have abided by that instruction and awarded damages if each juror individually believed that ecobee infringed a different, valid claim.

7

unfair advantage. The diametric approaches to infringement and invalidity lacked any justification.

### 2. The Verdict Form Vitiates Important Estoppel Protections.

Collateral estoppel/issue preclusion bars the re-litigation of issues necessarily resolved by a verdict. *See James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 459-63 (5th Cir. 1971) (discussing the "extremely important policy underlying the doctrine of collateral estoppel—that litigation of issues at some point must come to an end"). But the verdict form obstructs collateral estoppel by failing to identify which issues were decided as part of the jury's infringement finding. *See Russell v. Place*, 94 U.S. 606, 608-09 (1876) (no collateral estoppel on infringement or validity where "[t]he verdict may have been for an infringement of the first claim; it may have been for an infringement of the second; it may have been for an infringement of both [and the] validity of the patent was not necessarily involved.")

For example, the jury might have decided that ecobee infringed the '495 patent but not the '371 patent, in which case ecobee would be entitled to estoppel on those points. The verdict form deprives ecobee of this right and knowledge. ecobee may have succeeded on various non-infringement arguments, which success should have given rise to collateral estoppel and serve to protect ecobee in the future from similar allegations against other products. *See, e.g., Yufa v. Hach Ultra Analytics, Inc.*, 629 F. App'x 983, 985, 987 (Fed. Cir. 2015) (finding collateral estoppel barred infringement allegations); *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. CA 10-311-GMS, 2011 WL 4543886, at *3-4 (D. Del. Sept. 29, 2011) (same). The verdict's failure to distinguish patents in the infringement question may undermine its collateral estoppel effects, wasting resources and prejudicing ecobee by potentially subjecting it to re-litigation of issues that the jury resolved but could not make clear in the verdict due to its improper form.

### 3. The Verdict Form Violated ecobee's Due Process Rights.

"No person shall be . . . deprived of . . . property, without due process of law." U.S. Const.

8

Amend. V. Due process requires property deprivation "be preceded by notice." *Mullane v. Cent. Hanover Bank & Tr. Co*., 339 U.S. 306, 313 (1950). Such notice must allow the party to "present [its] case" "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333-34, 349 (1976) (explaining that "[d]ue process is flexible and calls for such procedural protections as the particular situation demands") (citation omitted). Sufficient notice at this stage would require, at a minimum, informing ecobee of the basis for its liability. *See id.* at 325 n.4. The verdict failed to provide such notice because ecobee does not know which acts constitute infringement or even what patent(s) or claim(s) were infringed. ecobee's due process rights therefore were violated, at least because it cannot effectively pursue post-trial relief and appeal without knowing the products, patents, and claims underlying the verdict. *See* Sec. III.B.1.

**C.     A New Trial on Infringement and Damages is Needed if the Court Grants ecobee's Motion for JMOL or a New Trial as to Any One Issue.**

ecobee has moved for JMOL and/or a new trial on infringement, invalidity of the '495 patent, and damages. Granting any of those motions, in whole or part, will require a new trial on any surviving infringement and damages issues.[6] "Under the general verdict rule, where one or more of multiple claims is found legally invalid, a reviewing court must reverse and order a new trial if it is unable to determine whether the invalid theory tainted the verdict." *SEB S.A. v. Montgomery Ward & Co*., 594 F.3d 1360, 1374 (Fed. Cir. 2010). "That rule has also been held to apply in cases where the jury received multiple legal theories of liability." *Id*. For example, in *Verizon Services Corp. v. Vonage Holdings Corp*., 503 F.3d 1295 (Fed. Cir. 2007), the Court granted a new trial on infringement of one patent based on an erroneous claim construction. *Id*. at

---

[6] If the Court grants JMOL of no damages or JMOL of non-infringement for all asserted patents, as ecobee has separately requested, the new trial would not be necessary. It would be necessary in almost all other scenarios.  Also, and for the avoidance of doubt, any such new trial should in no case include Ollnova's claim on the '282 patent, since that patent was specifically adjudged to be invalid, unless such invalidity judgment were disturbed on JMOL or appeal.

9

1309. Because the jury's damages verdict encompassed multiple asserted patents, the "normal rule" required vacating the damages verdict and remanding the case for a new trial on damages. *Id*. at 1310; *see also Accentra, Inc. v. Staples, Inc.*, 500 F. App'x 922, 931 (Fed. Cir. 2013) (vacating judgment with respect to two of three asserted patents and noting that "proper course" required vacating damages award); *VirnetX Inc. v. Apple Inc.*, No. 6:12-cv-885-RWS, 2020 WL 3635929, at *5 (E.D. Tex. Apr. 23, 2020) (explaining that the bar for departing from *Verizon*'s "normal rule" is "exceedingly high"), *vacated on other grounds*, 2023 WL 2770074 (Fed. Cir. Mar. 31, 2023).[7]

Here, for example, if ecobee were to prevail on JMOL or appeal on its patent ineligibility argument for the '495 patent, but not prevail on its other JMOL motions, it would be necessary to conduct a new trial on infringement and damages on the '887 and '371 patents, since it is possible that the jury verdict on infringement was based on the damages figure that Ollnova's expert, Mr. Bergman, presented for the '495 patent alone. The same logic applies if ecobee were to prevail in whole or in part on JMOL or appeal of non-infringement on any one of those patents.

As to damages, retrying damages alone without retrying infringement would not be possible, as the damages jury would not know which patent(s) were infringed and therefore could not determine "the value attributable to the infringing features of the product, and no more." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014) (explaining that "it is the

---

[7] In response, Ollnova may point to the Court's statement that a "general verdict will be upheld 'if there was sufficient evidence to support any of the plaintiff's alternative factual theories.'" *Optis*, No. 2:19-cv-00066-JRG, Dkt. 667 at 33 (quoting *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 849-50 (Fed. Cir. 2010)). But, *i4i*'s language would at most apply to "alternative factual theories" **within a single cause of action**, such as "contributory infringement and induced infringement" for **one given patent**. *i4i*, 598 F.3d at 849-50. That principle does not and could not extend across different causes of action, whereby a finding of infringement of one patent could not support a judgment of infringement of other patents.

value of what was taken that measures a reasonable royalty") (citation omitted). Thus, granting ecobee's request for a new trial on damages would necessitate a new trial on infringement. Likewise, JMOL or a new trial on any aspect of infringement or invalidity would require a new trial on damages, as it would be impossible to adjust the $11.5 million damages award (which neither party proposed) to account for any new infringement or invalidity findings, since the infringement finding(s) underlying that award are unascertainable—especially given the varying configurations accused of infringing. In *Omega Pats., LLC v. CalAmp Corp.*, 920 F.3d 1337, 1350 (Fed. Cir. 2019), for example, patentee's "damages theory was premised on [defendant's] total actual sales of its accused products." *Id.* Because the Court affirmed infringement of a claim only as to a subset of those products that "function[ed] in an infringing manner," the Court abided by the "normal rule" and ordered a new trial on damages. *Id.* at 1349-51 (quoting *Verizon*, 503 F.3d at 1310); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 312 (1986) (finding error "difficult, if not impossible, to correct without a retrial" because "the verdict does not reveal the means by which the jury calculated damages"); *Greatbatch Ltd. v. AVX Corp.*, No. 13-cv-723, 2018 WL 1568872, at *4 (D. Del. Mar. 30, 2018) (ordering new damages trial because damages were "tied up in a single damages verdict" that provided "no way of determining how the jury came to its decision or what amount it attributed to various patents and products").

### D. The Verdict Form Forecloses Prejudgment Interest Prior to March 8, 2022.

If a new trial is not granted, judgment should be amended to set the start date for any prejudgment interest as the March 8, 2022 filing of Ollnova's complaint. Prejudgment interest does not accrue until damages begin to accrue—even if infringement began earlier. *See Ericsson Inc. v. TCL Commc'n Tech. Hld., Ltd.*, No. 2:15-CV-00011-RSP, 2018 WL 2149736, at *14 (E.D. Tex. May 10, 2018) (awarding prejudgment interest from the start of the damages period, and not the hypothetical negotiation date), *vacated on other grounds*, 955 F.3d 1317 (Fed. Cir. 2020);

11

*Imperium IP Hld. (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-00371, 2017 WL 1716589, at *4 (E.D. Tex. Apr. 27, 2017) (setting prejudgment interest start date based upon damages start date); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, 187 F. Supp. 3d 306, 321-23 (D. Mass. 2016) (same). Ollnova contravenes this authority and common sense by improperly seeking interest from 2012, even though the statute of limitations dictates that damages began (at the earliest) in 2016, six years before Ollnova's complaint. *See* 35 U.S.C. § 286.

Moreover, the verdict form precludes awarding prejudgment interest from 2016, as Ollnova cannot show that damages began to accrue prior to 2022. Ollnova alleged only indirect infringement for the asserted claims of the '495 patent and one asserted claim of the '371 patent. Because Ollnova failed to provide ecobee notice of those patents before this litigation, any damages for infringement of these claims would not accrue until the filing of the complaint. Dkt. 199 at 23. These may be the very claims the jury found ecobee to infringe, in which case any determination that damages began before the March 2022 complaint would be improper.[8] As explained in ecobee's motion for JMOL of no damages, the failure to mark also precludes pre-complaint damages and interest. Judgment therefore should be amended to set the start date for prejudgment interest as March 2022, as awarding interest from before Ollnova's entitlement to damages "violates the compensatory purpose of prejudgment interest." *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996) (vacating prejudgment interest that "compensated" patentee "for losses it had not . . . suffered").

## IV. CONCLUSION

For the reasons above, the Court should order a new trial on infringement and damages or, if a new trial is not granted, amend the judgment so prejudgment interest starts on March 8, 2022.

---

[8] The verdict form required—over ecobee's objection—the jury to set a start date for damages only if it awarded a running royalty. Ex. 1 [Trial Tr.] at 1215:4-15.

12

Dated: March 29, 2024

Respectfully submitted,

By: */s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
TX Bar No. 00784720
WILSON, ROBERTSON &
VANDEVENTER, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
(903) 509-5000
Email: jainsworth@wilsonlawfirm.com

Michael P. Sandonato
Manny J. Caixeiro
VENABLE, LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 229-9900
Email: MSandonato@venable.com
MJCaixeiro@venable.com

Megan S. Woodworth
Jason M. Dorsky
Venable LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4000
Email: MWoodworth@venable.com
JMDorsky@venable.com

*Attorneys for Defendant*
*ecobee Technologies ULC d/b/a ecobee*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 29th day of March, 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By: */s/ Jennifer Parker Ainsworth*