IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OLLNOVA TECHNOLOGIES LIMITED, § § § *Plaintiff*, § § v. § § ECOBEE TECHNOLOGIES ULC d/b/a § ECOBEE, § § *Defendant*. § | CIVIL ACTION NO. 2:22-CV-00072-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for New Trial Based on the Improper Infringement Question in the Verdict Form or, in the Alternative for an Amended Judgment Setting the Appropriate Start Date for Prejudgment Interest (the "Motion") filed by Defendant ecobee Technologies ULC d/b/a/ ecobee ("ecobee"). (Dkt. No. 247.) In the Motion, ecobee moves for a new trial on the basis that "the verdict form improperly combined the issues of infringement of thirteen claims . . . into a single question that asked whether ecobee infringed any claim of any of the four patents." (*Id.*) Further, ecobee moves to amend the judgment under Fed. R. Civ. P. 59(e) so prejudgment interest accrues from no earlier than March 8, 2022. For the following reasons, the Court finds that the Motion should be **DENIED**.

I.      BACKGROUND

Plaintiff Ollnova Technologies Limited ("Ollnova") alleged that ecobee infringes claims 1, 11, 12, and 20 of U.S. Patent No. 7,746,887 (the "'887 Patent"); claims 1 and 2 of U.S. Patent No. 7,860,495 (the "'495 Patent"); claims 1, 3, 6, and 21 of U.S. Patent No. 8,224,282 (the "'282 Patent"); and claims 1, 5, and 17 of U.S. Patent No. 8,264,371 (the "'371 Patent") (collectively, the "Asserted Patents"). After a jury trial, the jury returned a unanimous verdict finding that ecobee

infringed one or more of the asserted claims of the Asserted Patents, and that Ollnova was entitled to $11,500,000.00 in a lump sum royalty.

## II.     LEGAL STANDARD

### A.     New Trial

Rule 59 provides that a new trial may be granted on all or part of the issues on which there has been a trial by jury for "any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Notwithstanding the broad sweep of Rule 59, "courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Metaswitch Networks Ltd. v. Genband US LLC*, 2017 WL 3704760, at *2 (E.D. Tex. Aug. 28, 2017); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 276 F. Supp. 3d 629, 643 (E.D. Tex. 2017). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985); *see also Laxton v. Gap Inc.*, 333 F.3d 572, 586 (5th Cir. 2003) ("A new trial is warranted if the evidence is against the great, and not merely the greater, weight of the evidence"). Furthermore "[u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial . . . the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

## III.    DISCUSSION

### A.     Whether the Verdict Satisfied the Requirements for a Valid Verdict

ecobee argues that the verdict form in this case failed to satisfy the requirements for a valid verdict form. (Dkt. No. 247 at 4.) First, ecobee argues that since Ollnova raised four separate

causes of action for infringement as to four asserted patents, the general verdict form should have at least included separate infringement questions for each patent. (*Id.*) ecobee's argument is based on Ninth Circuit and Tenth Circuit caselaw stating that a general verdict must, at a minimum, "announce[] the ultimate legal result of each claim." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003); *see Johnson v. ABLT Trucking Co.*, 412 F.3d 1138, 1142 (10th Cir. 2005). ecobee contends that the single infringement question in this case failed to announce the result of each of Ollnova's four distinct claims for infringement and each of ecobee's four counterclaims. (*Id.*)

Second, ecobee argues that the verdict form violated its right to a unanimous verdict. According to ecobee, the verdict form "permitted—and, in fact, instructed—the jury to find ecobee liable for infringement regardless of whether all jurors agreed that ecobee was infringing the same patent claim." (*Id.* at 5.) Specifically, ecobee contends that asking whether Ollnova proved that ecobee infringed any of the claims would "erroneously require[] an affirmative answer even in a situation where all jurors did not agree that *the same* patent was being infringed." (*Id.* at 6.) As ecobee interprets the verdict form, "[a]s long as each juror believed *some* claim of *some* patent was infringed, the jury would have been required to answer 'Yes'—even if the various jurors believed that ecobee was infringing a *different* asserted patent." (*Id.*) ecobee argues that the Court's references to unanimity in the jury instructions did not remedy this alleged error. According to ecobee, the jury could abide by the Court's instruction that "your answers and your verdict must be unanimous," find different patents infringed, and answer "Yes" as to infringement. (*Id.* at 6-7.)

In response, Ollnova contends that these same arguments were advanced and rejected by this Court in *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-cv-00066-JRG, Dkt. No. 667 (E.D.

Tex. Aug. 9, 2021). Further, Ollnova argues that ecobee's Ninth and Tenth Circuit caselaw are inapposite in light of the applicable Federal and Fifth Circuit caselaw that ecobee largely ignores. Ollnova notes that both the Federal Circuit and the Fifth Circuit hold that "[t]he specificity of the verdict is within the discretion of the trial judge." (Dkt. No. 260 at 3 (quoting *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1581 (Fed. Cir. 1996))). Ollnova argues that the Federal Circuit has further confirmed that "a trial court may, with proper instructions, present a patent case to a jury for a general verdict encompassing all of the issues of validity and infringement." (*Id.* at 4 (quoting *Structural Rubber Prod. Co. v. Park Rubber Co.*, 749 F.2d 707, 720 (Fed. Cir. 1984) (citation omitted))).

Concerning unanimity, Ollnova argues that ecobee waived its arguments by failing to object before or during trial that the verdict form would violate its right to a unanimous jury verdict. (*Id.*) According to Ollnova, ecobee simply argued that the single question would be "confusing to the jury and incomplete." (*Id.* (quoting Trial Tr. at 1212:12)). On the merits, Ollnova argues that ecobee's unanimity arguments fail because the jury was repeatedly instructed that its answers must be unanimous, and it was instructed to assess infringement on a claim-by-claim basis. (*Id.* at 5.) Ollnova argues that "[t]he only reasonable way for the jury to understand these instructions is that the jury was required to assess each patent claim individually ('claim-by-claim') and to unanimously agree on which claim or claims were infringed." (*Id.*) Finally, Ollnova argues that ecobee's unanimity arguments cannot be squared with its own proposal that the verdict form should have a single infringement question about each patent, and not a separate question for each asserted claim. (*Id.*)

In reply, ecobee contends that Ollnova never meaningfully disputes its central argument: that the verdict form was deficient because it did not announce a result for each individual cause

4

of action and counterclaim. (Dkt. No. 265 at 1.) ecobee argues that the fact that its supporting case law comes from the Ninth Circuit Court of Appeals is not a reason for its arguments to fail because the Tenth Circuit Court of Appeals also reiterates the same principles. (*Id.*)

According to ecobee, it did not waive its unanimity objection because it generally objected to the verdict form's inclusion of only a single infringement question that encompassed all four asserted patents. (*Id.* at 2.) On the merits, ecobee argues that the mere use of the words "unanimous" and "claim-by-claim" in the jury instructions did not cure the alleged error because "neither the instructions nor verdict form required unanimity on the requisite element for liability." (*Id.*) Further, ecobee contends that its own proposed jury instruction with a question for each patent, but not for each claim, "would not have run afoul of the requirement that each cause of action and counterclaim be addressed on the verdict form," since there would be a separate question for each count of infringement. (*Id.*)

In sur-reply, Ollnova notes that ecobee does not dispute that this Court in prior cases has rejected substantially similar arguments. *Optis*, No. 2:19-cv-00066-JRG, Dkt. No. 667; *Solas Oled Ltd. v. Samsung Display Co.*, No. 2:19-cv-00152-JRG, 2021 WL 4950308, at *23 (E.D. Tex. Oct. 25, 2021). Further, Ollnova argues that ecobee rests its arguments entirely on Ninth and Tenth Circuit caselaw involving non-patent cases but fails to cite any Federal Circuit and Fifth Circuit cases rejecting forms like the verdict at issue here. (Dkt. No. 272 at 1.) Finally, Ollnova argues that ecobee fails to meaningfully rebut that its unanimity arguments are waived and fail on the merits. (*Id.* at 1-2.)

The Court agrees with Ollnova. ecobee contends that to comply with Rule 48(b)'s requirement of jury unanimity, a general verdict must "at a minimum, 'announce[] the ultimate legal result of **each claim**.'" (Dkt. No. 247 at 4 (citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d

5

1020, 1031 (9th Cir. 2003)). *Zhang*—an employment law case from the Ninth Circuit—does **not** state that the jury should return a separate verdict as to each claim, as ecobee contends. Rather, *Zhang* states: "A jury **may** return multiple general verdicts as to each claim, and each party, in a lawsuit, without undermining the general nature of its verdicts." *Zhang*, 339 F.3d at 1031 (emphasis added). ecobee's Ninth and Tenth Circuit caselaw is inapposite, especially in light of the Federal Circuit and Fifth Circuit caselaw that ecobee largely ignores.

"The specificity of the verdict is within the discretion of the trial judge." *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1581 (Fed. Cir. 1996). Indeed, as the Federal Circuit has stated, "a trial court may, with proper instructions, present a patent case to a jury for a general verdict encompassing **all of the issues of validity and infringement**." *Structural Rubber Prods.*, 749 F.2d at 720 (emphasis added). It follows that if it is proper to present a case to a jury for a general verdict "encompassing all of the issues of validity **and** infringement," then presenting a single question for infringement is also proper.

Concerning ecobee's arguments related to unanimity, the Court finds that ecobee has waived its objections. During the Court's formal charge conference with the parties—at which time the parties were to lodge all objections they had to the verdict form and jury instructions—Defendants provided only the following objection to the Court's infringement question (Question No. 1):

> ecobee objects to Question No. 1 as presented as **confusing to the jury** and **incomplete** in view of the instructions and evidence regarding patent-by-patent analysis. Moreover, Ollnova's theories, both for infringement and damages, differ amongst the four patents as previously stated. A single question as presented is **likely to cause significant prejudice for the parties in post-trial proceedings**, including Rule 50(b) motions and appeal, if necessary. ecobee further notes that **the parties' proposed questions separately listed the four asserted patents**. Accordingly, ecobee respectfully submits Question 1 should list each patent separately.

6

Trial Tr. at 1212:11-23. Notably, ecobee did ***not*** argue, as they do now that "[t]he verdict form . . . deprived ecobee of its right to a unanimous decision." (Dkt. No. 247 at 6.) It is well-established that "a party may not object to an instruction on one ground at trial and then attempt to rely on a different ground on appeal." *Wright v. Ford Motor Co.*, 508 F.3d 263, 272 (5th Cir. 2007) (citing *Coastal Distributing v. NGK Spark Plug Co.,* 779 F.2d 1033, 1039 (5th Cir.1986)). The same applies for motions for new trial, as ecobee seeks here. ecobee's objection that the verdict form's infringement question should be split into four, separate questions wholly failed to inform the Court as to any concerns regarding jury unanimity regarding any given claim. *See Palmer v. Hoffman*, 318 U.S. 109, 119, 63 S. Ct. 477, 483, 87 L. Ed. 645 (1943) ("In fairness to the trial court and to the parties, ***objections to a charge must be sufficiently specific to bring into focus the precise nature of the alleged error***. Where a party might have obtained the correct charge by specifically calling the attention of the trial court to the error and where part of the charge was correct, he may not through a general exception obtain a new trial."). Indeed, ecobee's own proposed verdict form—proposing patent-by-patent instead of claim-by-claim infringement questions—would seem to run into the same concerns regarding jury unanimity now raised, further underscoring ecobee's waiver.[1] *See Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1581 (Fed. Cir. 1996) (finding that plaintiff, "by its acquiescence in and indeed by its proposal of the verdict form [question disputed on appeal,] waived objection to the verdict form"). As such,

---

[1] ecobee's argument that its own proposal "would not have run afoul of the requirement that each cause of action and counterclaim be addressed on the verdict form" is not persuasive. (*See* Dkt. No. 265 at 2.) By ecobee's logic, even submitting the questions of infringement to the jury on a patent-by-patent basis could result in some jurors concluding that one claim of a patent was infringed with other jurors concluding that a different claim was infringed—resulting in the jurors answering "Yes" for infringement of that patent when the jury did not agree on which asserted claim was infringed. Again, given the Court's instructions, the Court disagrees that this scenario was bound to occur in either scenario, whether infringement was presented as a single question or on a patent-by-patent basis. However, following ecobee's logic to its natural conclusion does not avoid the concerns it raises regarding unanimity, thereby highlighting that these arguments are both unpersuasive and waived.

the Court finds that ecobee has waived the materially broader objection it now brings regarding jury unanimity.

Even if ecobee has not waived this objection by failing to raise it during trial, the Court finds that its concerns regarding the unanimity of the verdict form fail on the merits. It is black-letter law that "[a] jury always and necessarily makes findings (albeit unwritten) before it reaches its general verdict," and that "a jury necessarily reaches a legal conclusion, ***presumably in accord with the judge's instructions on the law***, before it reaches its general verdict." *R.R. Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1514 (Fed. Cir. 1984). ecobee completely ignores that the jury is presumed to have followed this Court's jury instructions, which repeatedly make it clear that infringement is decided on a claim-by-claim basis and that the jury's determinations must be unanimous.

> For example, the Court instructed the jury that their verdict had to be unanimous:
>
> A verdict form has been prepared for you, and you'll take this verdict form with you to the jury room. And when you have reached a ***unanimous agreement*** as to your verdict, you will have your foreperson ***fill in the blanks in that form reflecting those unanimous decisions***, date it, sign it, and then advise the Court Security Officer that you have reached a verdict. Answer the questions as directed in the verdict form from the facts as you find them to be. Do not decide who you think should win this case, ladies and gentlemen, and then answer the questions to reach that result. Again, ***your answers and your verdict must be unanimous***.

Trial Tr. at 1220:11-21.

> Answer each question in the verdict form based on the facts you find them to be, following the instructions the Court has given you on the law. Again, do not decide who you think should win this case and then answer the questions to reach that result. One more time let me remind you that ***your answers and your verdict in this case must be unanimous***.

Trial Tr. at 1303:24-1304:4.

The Court further instructed the jury that they were to go claim-by-claim and agree as to which claims were infringed. Trial Tr. at 1236:8-9 ("Now, you must determine ***separately for each***

8

*asserted claim* whether or not there is infringement"); Trial Tr. at 1232:7-8 ("The coverage of a patent is assessed on a claim-by-claim basis"); Trial Tr. at 1237:13-15 ("As with direct infringement, you must determine whether there has been active inducement on a claim-by-claim basis").

To avoid any reasonable doubt, the verdict form specifically instructed the jury that damages could be awarded "ONLY as to any Asserted Claim that you [the jury collectively] have found to be infringed . . . AND not ineligible . . . AND not invalid." (Dkt. No. 226 at 7.) The Court provided similar instructions in its charge to the jury:

> Now, if you decide that any asserted claim has been infringed and is neither ineligible for patent protection or invalid, you'll then need to decide what amount of money damages, if any, to be awarded to Ollnova to compensate it for that infringement.

Trial Tr. at 1229:8-12. Thus, ecobee's argument that the jury could have answered "Yes" as to infringement "as long as each juror individually believed at least one . . . patent was infringed—absent the required . . . agreement as to the specific infringed patent(s)" is without merit.

B.      **Whether the Verdict Form Prejudiced ecobee**

ecobee also contends that it was prejudiced by the verdict form, and thus it argues that a new trial is warranted. (Dkt. No. 247 at 7.) First, ecobee argues that the verdict form obscures the basis for the jury's liability finding, forcing ecobee to approach post-trial arguments without knowing which patents formed the basis for the jury's infringement and damages decisions. (*Id.*) According to ecobee, Ollnova has an "unfair advantage" in post-trial briefing because it may attempt to overturn the jury's invalidity finding concerning the '282 Patent with precision, while ecobee is forced to address every patent to overturn the infringement finding. (*Id.* at 7-8.) Second, ecobee contends that the verdict form vitiates estoppel protections by failing to identify which issues were decided as part of the jury's infringement finding. (*Id.* at 8.) For example, ecobee

9

contends that the jury might have decided that ecobee infringed the '495 Patent, but not the '371 Patent, in which case, ecobee would be entitled to estoppel, but would not know on which points. Finally, ecobee argues that the verdict form violated its Due Process Rights under the Fifth Amendment of the Constitution. (*Id.* at 8-9.) Specifically, ecobee contends that it has been deprived of its property without notice because it does not know which acts constituted infringement.

In response, Ollnova argues that ecobee fails to identify any prejudice that would warrant a new trial. (Dkt. No. 260 at 6.) It argues that Ollnova was not given an "unfair advantage" to overturn the invalidity findings and further that ecobee's concern about Ollnova's "unfair advantage" is moot because Ollnova is not seeking to overturn the invalidity of the '282 Patent. Ollnova also asserts that ecobee's argument is contrary to well-settled law that a general verdict will be upheld "if there was sufficient evidence to support any of the plaintiff's alternative factual theories," on the assumption that "the jury considered all the evidence and relied upon a factual theory for which the burden of proof was satisfied." (*Id.* (quoting *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 849 (Fed. Cir. 2010))). In other words, Ollnova argues that ecobee having to address all patents in a JMOL motion is not a basis for a new trial. Ollnova also notes that ecobee does not identify any authority supporting an award of new trial based on a purported "unfair advantage" created by a general verdict. (*Id.*)

Ollnova further argues that ecobee does not identify any authority that would support a new trial based on a general verdict purportedly undermining collateral estoppel effects or for allegedly violating Due Process rights. (*Id.* at 6-7.) These arguments, according to Ollnova, are "novel," "contrary to the well-settled law approving of general verdicts," and should be rejected for the same reasons as ecobee's previous arguments. (*Id.*) ecobee does not address any of these

arguments in its reply, instead focusing exclusively on its unanimity and prejudgment interest arguments.

The Court agrees with Ollnova. As explained, "[t]he specificity of the verdict is within the discretion of the trial judge," (*Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1581 (Fed. Cir. 1996)), and it is well-settled that general verdicts may be used in patent cases. First, the Court is not persuaded that the verdict form gives Ollnova an "unfair advantage." ecobee notes the differences between validity and infringement on the verdict form but ignores the fact that both parties have an incentive to overturn the jury's validity findings and are both equally "advantaged" with respect to the validity question. While the '282 Patent was found to be invalid, the '495 Patent was not. Further, while *ecobee* makes its so-called "advantage" argument as to the specificity of the validity question concerning the '495 Patent, Ollnova declines similarly to challenge the invalidity of the '282 Patent. Accordingly, it is unclear exactly how Ollnova has an "unfair advantage." Regardless, ecobee does not provide any legal basis for overturning the verdict and requiring a new trial based on "prejudice."

Next, ecobee fails to support its argument with any legal authority that the Court should overturn the verdict in this case on the grounds that it denies ecobee estoppel protections and violates its Due Process rights. As previously explained herein, general verdicts like the one used in this case may be used in patent cases. The Court finds no compelling reason to order a new trial on these grounds.[2]

### C.    ecobee's Remaining Arguments for New Trial

ecobee argues that granting any one of its three JMOL/New Trial Motions (Dkt. Nos. 243, 244, and 246), in whole or in part, will require a new trial on any surviving infringement and

---

[2] ecobee's decision to drop these arguments entirely from its reply brief in the face of Ollnova's arguments that ecobee could not support its arguments with any authority is a testament to the weakness of these arguments.

damages issues. (*Id.* at 9.) For example, ecobee argues that "if ecobee were to prevail on JMOL or appeal on its patent ineligibility argument for the '495 patent, but not prevail on its other JMOL motions, it would be necessary to conduct a new trial on infringement and damages on the '887 and '371 patents, since it is possible that the jury verdict on infringement was based on the damages figure that Ollnova's expert, Mr. Bergman, presented for the '495 patent alone. (*Id.* at 10.) Further, ecobee contends that retrying damages alone without retrying infringement would not be possible, as the damages jury would not know which patent(s) were infringed. (*Id.*)

In response, Ollnova argues that ecobee is incorrect that a new trial is needed on all issues if the Court grants any single issue raised by ecobee. (Dkt. No. 260 at 7.) Since "[t]he critical question is whether the evidence, taken as a whole, was sufficient to support the jury's verdict," *see Northpoint Tech., Ltd. v. MDS Am., Inc.*, 413 F.3d 1301, 1310-11 (Fed. Cir. 2005), Ollnova argues that the Court may uphold the verdict so long as there was sufficient evidence to support a finding of infringement of "any" patent. (*Id.*) Accordingly, Ollnova contends that even if the Court were to grant JMOL of noninfringement of any asserted claim, there is substantial evidence to uphold the jury's verdict as to the other asserted patent claims such that a new trial is not warranted. (*Id.* (citing *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 126 (5th Cir. 1992))). Concerning ecobee's argument that a retrial on damages would require a retrial of infringement, Ollnova argues that its damages theory presented at trial based on comparable licenses could be supported even if the jury found infringement of just a single patent. (*Id.*) The parties' reply and sur-reply briefs do not substantially add to these arguments.

This argument by ecobee is conditioned on the Court granting at least one of its Motions for JMOL, at least in part. However, the Court has not granted any of ecobee's motions for JMOL, and this issue is moot.

D.     **Prejudgment Interest**

Even if a new trial is not granted, ecobee argues that the judgment should be amended to set the start date for any prejudgment interest as of March 8, 2022, the filing of Ollnova's complaint. (Dkt. No. 247 at 11.) According to ecobee, damages did not begin to accrue until this date. ecobee notes that Ollnova alleged only indirect infringement for the asserted claims of the '495 Patent and one asserted claim of the '371 Patent, and since Ollnova did not provide notice of these patents prior to this litigation, its damages for indirect infringement of these claims cannot begin to accrue prior to the filing of the complaint. (*Id.*) Concerning Ollnova's claims for direct infringement, ecobee contends that Ollnova's failure to mark precludes pre-complaint damages and interest.

In response, Ollnova argues that the Final Judgment should not be modified because it correctly stated that prejudgment interest accrues "from the date [] the infringement began." (Dkt. No. 260 at 8 (quoting Dkt. No. 237 ¶¶ 3, 4)). Ollnova notes that this language from the Final Judgment tracks Federal Circuit caselaw. For example, Ollnova notes that in *Comcast IP Holdings I LLC v. Sprint Commc'ns Co., L.P.*, 850 F.3d 1302 (Fed. Cir. 2017), the jury awarded a lump sum royalty running from a 2006 hypothetical negotiation, and defendant Sprint complained that, because two of the three infringed patents did not issue until six years after the 2006 hypothetical negotiation, it was improper to award prejudgment interest starting from 2006. However, the Federal Circuit disagreed and considered that the jury of was told to use the book of wisdom, "looking forward in time from the date of the first hypothetical negotiation to account for 'all information that would have been relevant to the parties in coming to and arriving at a deal.'" *Id.* at 1314. Accordingly, Ollnova argues, the Federal Circuit's ruling concerning prejudgment interest was identical to this Court's ruling in the Final Judgment: "Prejudgment interest runs from the earliest date infringement for any patent issued at the time of the hypothetical negotiation." *Id.* at

13

1315. Ollnova notes that the jury here decided to award the damages in the form of a lump sum royalty, meaning that ecobee owed Ollnova $11.5 million as of the April 2012 hypothetical negotiation. Since the April 2012 hypothetical negotiation coincides with when infringement began, *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 76 (Fed. Cir. 2012), Ollnova argues that interest properly accrues starting in April 2012, when ecobee was to have fully paid the lump sum amount of $11.5 million.

In reply, ecobee argues that Ollnova now seeks interest for periods prior to the statute of limitations' cut-off (March 8, 2016). (Dkt. No. 265 at 4.) According to ecobee, Ollnova overreaches by misinterpreting the *Comcast* decision. (*Id.*) ecobee contends that *Comcast* is inapposite because it did not involve any disconnect between the damages period/statute of limitations and the hypothetical negotiation (i.e., damages there began accruing within the six years prior to the filing of the complaint). (*Id.*) Since interest runs from the dates that the damages started to accrue, ecobee argues that the earliest date from which interest can run is the date that damages started to accrue (March 8, 2016). (*Id.*)

While, the Court finds that it is not necessary to amend the Final Judgment, the Court does not embrace fully Ollnova's interpretation of the relevant authority on damages and interest. The Patent Act does not expressly provide the time period for calculating interest. *See Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999) (holding that 35 U.S.C. § 284 "only prescribes damages and interest as a remedy for patent infringement" and does not state "[w]hen interest beings or ends"). Instead, 35 U.S.C. § 284 awards a patentee "damages adequate to compensate for the infringement . . . together with interest and costs as fixed by the court." The Supreme Court has held that § 284 thus "gives a court general authority to fix interest and costs." *Devex*, 461 U.S. at 653. Typically, this general authority should "ensure that the patent owner is

placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *Id*. at 655; *see also Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986) (acknowledging that the award of prejudgment interest should be from the date of infringement to the date of final judgment, "since only such award will satisfy 'Congress' overriding purpose [in section 284] of affording patent owners complete compensation'" (quoting *Devex*, 461 U.S. at 655)). However, the purpose of prejudgment interest is to compensate the patent owner for infringement and "can apply only to the actual damages portion of the judgment." *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, No. 4:14-CV-00371, 2017 WL 1716589, at *3 (E.D. Tex. Apr. 27, 2017) (citing *Beatrice Foods Co. v. New Eng. Printing & Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991)).

Actual patent infringement damages are limited by 35 U.S.C. § 286. This statute provides that "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." Accordingly, the Court instructed the jury that the damages in this case began no earlier than March 8, 2016. Trial Tr. at 1257:1-9. Prejudgment interest cannot extend prior to the damages period. The Court also finds that whether or not the jury awarded a lump sum or a running royalty does not control.[3]

Nonetheless, the Court is not persuaded that the Final Judgment should be amended as ecobee contends. The Final Judgment provides the following:

---

[3] Here, and in its response to ecobee's Motion for Judgment as a Matter of Law of No Damages or, in the Alternative, for a New Trial Regarding Damages (Dkt. No. 246), Ollnova seems to argue that the statutory limits to damages under 35 U.S.C. § 286 and 287 somehow do not apply when the jury awards damages in the form of a lump sum. This interpretation seems to be born out of the misunderstanding that the jury awards what was "owed . . . as of the [] hypothetical negotiation" (Dkt. No. 260 at 9) and that the amount is "not tied to units sold or time frame" (Dkt. No. 259 at 18). However, the jury's award of $11.5 million does not necessarily represent the "amount paid at the 2012 hypothetical negotiation" (*id*.) as Ollnova contends, but rather is the amount of money "to compensate Ollnova for any infringement that [the jury] may find" *during the damages period*. Further, a lump sum award differs from a running royalty in that a lump sum award compensates Ollnova for future damages in addition to past damages. It does not allow Ollnova to reach beyond the statutory limits for its past damages, and it does not moot the requirements of the marking statute.

15

> Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award," the Court awards pre-judgment interest to Plaintiff to be recovered by Plaintiff from Defendant and ***applicable to all sums awarded herein***, calculated at the five-year U.S. Treasury Bill rate, compounded monthly, adjusting the effective rate with each and every change in said five-year U.S. Treasury Bill rate from the date [] the infringement began;

(Dkt. No. 237 at ¶ 4.) "[F]rom the date [] the infringement began" does not mean the agreed upon hypothetical negotiation date. It refers to the infringement for which the "sums [were] awarded"—*i.e.*, the infringement during the applicable damages period, as instructed by the Court. Accordingly, the Court finds that prejudgment interest accrues from March 8, 2016. The Final Judgment sufficiently ties the prejudgment interest to the damages accrued in this case. Given this language, and the Court's guidance, there is no need to amend the Final Judgment.

Concerning ecobee's contentions that interest could not have accrued prior to March 2022, the Court finds that ecobee merely repeats arguments that the Court has already rejected in ecobee's Motion for Judgment as a Matter of Law of No Damages or, in the Alternative, for a New Trial Regarding Damages (Dkt. No. 246). Accordingly, the Court will not amend the Final Judgment on these grounds for the same reasons as stated in the Court's Order denying that motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that ecobee's Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 5th day of September, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE